JAMES F. McKAY III, Judge.
| ,In this unfair trade practices case, the plaintiff, Dwayne Alexander, appeals the trial court’s granting of a special motion to strike pursuant to La. C.C.P. art. 971 filed by the defendants, Wayne Centanni and Centanni investigative Agency. The trial court awarded attorneys’ fees and costs to the defendants and denied the plaintiffs motion for a new trial. For the following reasons, we reverse the judgment of the trial court and remand the matter for a new trial.
FACTS AND PROCEDURAL HISTORY
Mr. Alexander filed a petition for unfair trade practices and damages, naming Wayne R. Centanni and Centanni Investigative Agency (“CIA”) as defendants. Mr. Centanni and CIA hired separate counsel to assist in the defense of the matter. Mr. Alexander and Mr. Centanni are both private investigators; the lawsuit arose from the alleged attempts by Mr. Centanni to drive Mr. Alexander out of business. Discovery ensued, including the deposition of Mr. Alexander. |2After the deposition of Mr. Alexander, Mr. Centanni and CIA each filed a special motion to strike pursuant to La. C.C.P. art. 971. The court granted the motions and dismissed the claims of Mr. Alexander against Mr. Cen-tanni and CIA.
Following the issuance of the judgment of dismissal, Mr. Centanni and CIA filed motions to tax costs and for attorneys’ fees pursuant to La. C.C.P. art. 971. Mr. Cen-tanni sought a total of $1,013.05 for costs and $18,007.50 for attorneys’ fees. CIA sought a total of $1,373.85 for costs and $30,201.50 for attorneys’ fees. Mr. Alexander opposed the motions, arguing that the requests for attorneys’ fees and costs should be denied in their entirety or, in the alternative, only be allowed to the extent that they directly relate to the motion to strike.
On October 18, 2010, the court issued a judgment granting the motions to tax costs and for attorneys’ fees. The court awarded Mr. Centanni court costs of $209.50; copy, document preparation, and expense reimbursement costs of $803.55; and attorneys’ fees of $12,065.03 (2/3 of the actual amount billed of $18,007.50 to account for any duplication of fees with counsel for CIA). The court awarded CIA costs of $1,373.85 and attorneys’ fees of $20,235.01 (2/3 of the actual amount billed of $30,201.50 to account for any duplication of fees with counsel for Wayne R. Centanni).
Mr. Alexander filed a motion for new trial to the judgment awarding attorneys’ fees and costs. CIA filed an opposition, but undertook a review of its invoices for attorneys’ fees and costs. Pursuant to its review, CIA segregated out attorneys’ fees and costs incurred only in preparing the motion to strike and a 1 .¡memorandum of law related thereto, and trying the motion. After such a review, CIA consented to the granting of the new trial motion awarding attorneys’ fees and costs in the total sum of $3,534.00. Mr. Centanni filed an opposition. Mr. Centanni argued that the motion for new trial should be denied. Mr. Centanni noted that the amount requested was related to the motion to strike and that the court had already reduced the amount requested due to perceived overlap of efforts between counsel for CIA and counsel for Mr. Centanni.
*592 On January 10, 2011, the court granted the motion for new trial as to CIA and reduced CIA’s award to a total of $3,534.00. The court denied the motion for new trial as to Mr. Centanni. Mr. Alexander now appeals.
DISCUSSION
On appeal, the plaintiff raises the following specifications of error: 1) the trial court erred in stopping an agreed upon deposition of defendant, by ruling as a matter of law that Mr. Centanni’s intent in publishing the alleged unfair trade practices materials was irrelevant to his motion to dismiss under La. C.C.P. art. 971; and 2) the judgment of specific amounts of mandatory attorneys’ fees awards to two parties, upon granting an art. 971 motion, is unsupported by sufficient evidence of record, as the billing records of Mr. Cen-tanni (presumably including deposition preparation) were not introduced into the record, by order of the court below granting the La. C.C.P. art. 971 motion. This error is compounded by the court below conducting an in camera inspection of the billing records of the | ¿Centanni attorneys, not allowing counsel for plaintiff Alexander to view the billing records, and by the court applying persuasive authority to one award but not to the other.
Because the granting of a special motion to strike under statute authorizing such motions in actions against a person in furtherance of the person’s right of petition or free speech under the United States or Louisiana Constitutions in connection with a public issue involves issues of law, the Court of Appeal conducts a de novo review of the trial court’s application of the law. Aymond v. Dupree, 2005-1248 (La.App. 3 Cir. 4/12/06), 928 So.2d 721. In pertinent part, La. C.C.P. art. 971 provides:
A. (1) A cause of action against a person arising from any act of that person in furtherance of the person’s right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.
(2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
(3) If the court determines that the plaintiff has established a probability of success on the claim, that determination shall be admissible in evidence at any later stage of the proceeding.
B. In any action subject to Paragraph A of this Article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs.
La. C.C.P. art. 971.
Statutes providing for penalties and attorney’s fees are penal in nature and must be strictly construed. Adams v. Burger King, 2004-0146, p. 6 (La.App. 1 Cir. 2/11/05), 906 So.2d 540, 544, citing Langley v. Petro Star Corp. of La., 2001-0198, pp. 3-4 (La.6/29/01), 792 So.2d 721, 723. Although La. C.C.P. art. 971(B) | ^mandates an award of “reasonable attorney fees and costs,” we are allowed, and even required to determine if the amount awarded is reasonable, thereby considering whether “mitigating factors” are applicable. Delta Chemical Corp. v. Lynch, 2007-0431 (La.App. 4 Cir. 2/27/08), 979 So.2d 579.
In the instant case, the trial court entered judgment awarding a substantial fee to the defendant. This fee was based in large part on billing records provided by *593 Mr. Centanni’s attorneys directly to the district court, which reviewed them in camera. The plaintiff did not have the opportunity to review or contest the billing records. The plaintiff did not have the opportunity to argue the application of any mitigating factors as to the billing records, including without limitation the deposition of the plaintiff. This lack of meaningful due process is problematic. There is no reason why the plaintiff should not have been able to have reviewed a redacted copy (anything privileged could have been removed by the trial court) of the billing records after the trial court’s in camera inspection.
Even if we found no merit in the plaintiffs arguments, there is still a problem with the trial court’s award of attorney fees. In Mr. Centanni’s motion to tax costs, Mr. Centanni alleged that his attorneys spent 85.8 hours on the La. C.C.P. art. 971 special motion to strike and the paralegals spent 2.8 hours on the La. C.C.P. art. 971 special motion to strike. Partners bill at $160.00 per hour and paralegals at $75.00 per hour. Mr. Centanni submitted that the total for attorneys’ fees and paralegal fees was $18,007.50. The court awarded two-thirds of this amount (to account for any duplication of fees with counsel for CIA). However, these figures do not add up. When calculating 85.8 hours at $160.00 per hour and 2.8 hours at $75.00 per hour, the total is not $18,007.50, it is only $13,938.00.
| ^CONCLUSION
Considering that the plaintiff was not allowed an opportunity to contest the amount of attorney fees awarded to the defendant and also that the trial court’s calculations based on its review of the billing records before it appear to be wrong, the judgment of the trial court is reversed and this matter is remanded for a new trial on the issue of attorney fees and costs.
REVERSED AND REMANDED