PER CURIAM
1 jThis proceeding arises out of an application for reinstatement to the practice of law filed by petitioner, Frank J. Ferrara, Jr., an attorney currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In 2013, we considered a joint petition for consent discipline filed by petitioner *384 and the Office of Disciplinary Counsel (“ODC”). The misconduct at issue in that matter involved allegations that respondent drafted an affidavit at the request of his criminal defense client in which the victim in the underlying criminal proceeding agreed to drop the criminal charges in exchange for the payment of money. For this misconduct, the parties proposed that petitioner be suspended from the practice of law for one year and one day. On April 26, 2013, we accepted the joint petition for consent discipline. In re: Ferrara, 13-0722 (La. 4/26/13), 116 So.3d 664 (‘‘Ferrara I”).
In 2015, the ODC commenced an investigation into allegations that petitioner promised or guaranteed a particular result or outcome of a representation. This misconduct occurred in the same time frame as the misconduct forming the basis of Ferrara I. Prior to the filing of new formal charges, petitioner and the ODC submitted a joint petition for consent discipline proposing that petitioner be adjudged guilty of additional violations which warrant Indiscipline and which may be considered in the event he applied for reinstatement from his suspension in Ferrara I. On June 30, 2015, we accepted the petition for consent discipline. In re: Ferrara, 15-1196 (La. 6/30/15), 167 So.3d 618.
In February 2016, petitioner filed an application for reinstatement with the disciplinary board, alleging he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). Petitioner subsequently amended the application to disclose certain information, including assets, liabilities, and income, that was omitted from the initial application. The ODC took no position regarding the application for reinstatement. Accordingly, the matter was referred for a formal hearing before a hearing committee.
Following the hearing, the hearing committee recommended that petitioner be reinstated to the practice of law, subject to a five-year period of supervised probation with conditions. Neither petitioner nor the ODC objected to the hearing committee’s recommendation.[1]
DISCUSSION
After considering the record in its entirety, we find petitioner has met his burden of proving that he is entitled to be reinstated to the practice of law. Nevertheless, as recognized by the hearing committee, further precautions are warranted to insure that the public will be protected upon petitioner’s return to practice. See Supreme Court Rule XIX, § 24(J).
^Accordingly, we will order that petitioner be conditionally reinstated to the practice of law, subject to a two-year period of probation governed by the following conditions:
1. Petitioner shall request that the ODC appoint a practice monitor to supervise his professional activities during the probationary period, including his compliance with trust account rules, accounting procedures, law office management procedures, adequate communication with clients, diligence in the representation of clients, and otherwise verifying compliance with the Rules of Professional Conduct.
2. Petitioner shall cooperate with the ODC, and shall comply with any and all requirements imposed upon him by the ODC.
3. Petitioner must not violate the Rules of Professional Conduct throughout the period of his conditional reinstatement.
*385 4. Should petitioner have a disciplinary complaint lodged against him at any time during the period of his conditional reinstatement, he must promptly and fully cooperate with the investigation conducted by the ODC.
Should petitioner fail to comply with these conditions, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately, or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate.
DECREE
Upon review of the recommendation of the hearing committee, and considering the record, it is ordered that Frank J. Ferrara, Jr., Louisiana Bar Roll number 5539, be immediately reinstated to the practice of law in Louisiana, subject to a two-year period of supervised probation governed by the conditions set forth |4herein. The probationary period shall commence from the date petitioner, the ODC, and the probation monitor execute a formal probation plan. Should petitioner fail to comply with the conditions of probation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate. All costs of these proceedings are assessed against petitioner.
CLARK, J., dissents and would deny the application for reinstatement.
CRICHTON, J., dissents and assigns reasons.

. The parties did note that the five-year period of probation recommended by the committee exceeds that permitted by Supreme Court Rule XIX, § 10(A)(3), which provides that the maximum period of probation is two years.