790 So.2d 750 (2001)
STATE of Louisiana through the DEPARTMENT OF SOCIAL SERVICES OFFICE OF FAMILY SUPPORT in the Interest of Kelia Monique YOUNG, Minor Child(Ren) of Kelly Young,
v.
Ken JENNINGS.
No. 2000-CA-0814.
Court of Appeal of Louisiana, Fourth Circuit.
June 27, 2001.
*751 George J. Higgins, Jr., New Orleans, LA, Counsel for State of Louisiana.
Court composed of JOAN BERNARD ARMSTRONG, CHARLES R. JONES, and JAMES F. McKAY, Judges.
JONES, Judge.
Plaintiff/Appellant, the State of Louisiana, Department of Social Services, Support Enforcement Services appeals the consent judgment approved by the district court after having been signed by the mother of the child and the Defendant/Appellee, Ken Jennings, reducing the child support obligation on behalf of Kelia Young. This judgment was subsequent to the obtainment of a default judgment by Support Enforcement Services against Ken Jennings. Following a review of the record, we reverse and remand to the district court.

Facts and Procedural History
The State of Louisiana, Department of Social Services, Support Enforcement Services (hereinafter "Department") filed a Petition to Establish Paternity and Support Obligation against Ken Jennings as a result of the mother, Kelly Young, receiving assistance through the Family Independence Temporary Assistance Program (hereinafter "FITAP"), medicaid and food stamps. Mr. Jennings was established as the father and acknowledged his paternity of the Kelia Young. Mr. Jennings did not file an answer to the Department's petition, thus the Department obtained a default judgment establishing paternity, and set support pursuant to the child support guidelines. The Department began collecting child support via income assignment order.
Mr. Jennings filed a series of motions and petitions requesting review, nullity, decrease and/or stay of the order fixing the child support amount. The last three motions were the most pertinent. In Mr. Jennings' attempt to have the default judgement obtained by the Department reflect his child support obligations for his other four children, he first filed the Petition for Nullity and Injunctive Relief; and the Motion to Re-Calculate Child Support, or in the Alternative A Decrease in Child Support. The Department filed exceptions of Insufficiency of Citation and Unauthorized Use of Summary Process in response to the Petition for Nullity and Injunctive Relief. The Motion to Re-Calculate Child Support, or in the Alternative A Decrease in Child Support was also still pending when Mr. Jennings then filed a Petition of Intervention. The Department filed an *752 exception of lack of procedural capacity to the Petition of Intervention.
Prior to any judgment on the above motions, Mr. Jennings, his attorney, and Ms. Young had a meeting in which Mr. Jennings and Ms. Young entered into a consent agreement. The district court signed the consent judgment reducing the ongoing support and canceling accrued arrearages. The Department argues that the new child support amount was not consistent with the guidelines, that the meeting and the signing of the agreement by the parents and approval by the district court did not have all of the parties' consent and was executed without the Department's knowledge. The Department also argues that they acquired knowledge of these actions when Ms. Young complained about coercion to modify the child support. The Department then went to the district court to investigate and was informed that the upcoming hearings on the pending motions were moot. The Department appeals the consent judgment of the district court arguing that the district court deviated from the child support guidelines in approving the consent agreement; that the district court did not have the authority to cancel arrearages; that the Department had to be notified as a party to the action; and that the mother was not a party to the action.

The Court's Deviation from Child Support Guidelines
A district court may deviate from the child support guidelines, but it must consider the guidelines and assign oral or written reasons for doing so. La. R.S. 9:315.1(B) states that:
[t]he court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be equitable to the parties. The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of a record of the proceedings.
Therefore, when the district court decides to deviate from the child support guidelines, the court shall demonstrate its consideration of the best interest of the child and the equitability to the parties in oral and written reasons. The district court must exhibit much care in assuring that the child is provided for without unjustly compromising the interests of the parents. The record does not reflect whether the consent agreement deviated from the guidelines because the court failed to provide reasons, oral or written, to justify its decision to adopt the consent agreement presented by the parties. Thus, the district court failed to comply with the provisions of La. R.S. 9:315.1(B).

Dismissal of Accrued Arrearages
The consent judgment stated that "[a]ny and all arrearages owed shall be satisfied in the amount of the child support previously paid as of this date". By approving this consent agreement the district court allowed for the cancellation of arrearages. However, the legislature has provided for the only instance in which accrued arrearages may be canceled in a child support case where the Department has an interest. This is plainly stated under La. R.S. 46:236.1(I)(1), which provides that:
In any case in which the Department is providing services under this Section to obtain an order, judgment, or agreement of support, or to recoup support payments against the responsible person, the court shall not cancel any accrued *753 arrearages unless the Department, through the SES Administrator, has determined that there is no reasonable possibility of collecting the arrearages.
The district court does not have the authority to cancel arrearages without an investigation by the Department to determine the feasibility of collecting such arrearages and without the Department's consent to the cancellation of those arrearages. In this case, the Department was not allowed to make such a determination nor did the Department give its consent, therefore the district court should not have agreed and signed the consent agreement offered by the parents.

The Mother as a Party
The individual on whose behalf the Department initiates an action pursuant to La. R.S. 46:236.1 is not a party to that action, since she has assigned her rights to the Department upon acceptance of assistance. La. R.S. 46:236.1(E)(1). Ms. Young gave up her right to be a party by accepting assistance from the Department. "A separate and distinct cause of action in favor of the Department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding." La R.S. 46:236.1(F)(1). Therefore, the individual receiving assistance, Ms. Young, cannot bind the Department to an agreement with regard to that action.

Failure to Notify SES
Kelly Young was receiving assistance with the financial support of her daughter, Kelia Young, from FITAP. In so doing, she subrogated her rights to the Department. This process is explained in La. R.S. 46:236.1(E)(1), which states that:
By accepting FITAP for or on behalf of himself or another individual, the applicant or recipient shall be deemed, without necessity of signing any document, to have made an assignment to the department of his entire right, title, and interest to any support obligation such applicant or recipient may have in his own behalf or on behalf of any family member for whom the applicant is applying for or receiving FITAP which has accrued at the time of the certification for FITAP and which accrues during the FITAP time is furnished. The assigned support rights shall constitute an obligation owed to the department by the person responsible for providing such support, and said obligation shall be established by an order of a court of competent jurisdiction, and the department may thereafter collect by appropriate process any outstanding debt thus created." La. R.S. 46:236.1(E)(1).
In this case, an obligation was created on behalf of the Department as a result of Ms. Young receiving assistance. Mr. Jennings is one of the persons responsible for supporting Kelia Young. The Department took the necessary steps in obtaining a judgment against Mr. Jennings determining the appropriate support payment to be made by him. The Department, at this time, had the sole right to collect on this obligation. Therefore the Department was an indispensible party to any proceeding involving the support obligation or arrearages owed. La R.S. 46:236.1(E)(2). The Department should have been notified about the agreement and judgment, and no action could be validly taken without such notice.
When Mr. Jennings desired to enter a consent agreement regarding his child support obligation to Kelia Young that was more equitable in light of his other child support obligations prior to the conclusion of the action, he should have followed the procedure outlined in La. R.S. 46:236.1(G). This section provides that "[i]n cases in which the person responsible for the support *754 of an individual agrees to support such individual, the Department through the SES Administrator may enter into a written agreement with that person to secure support for the individual." Mr. Jennings in his effort to obtain a judgment for lower payments tried to circumvent the Department, an indispensible party; reach an agreement with the mother, who is not a party; and have that agreement accepted by the district court, who does not have the authority in this instance to adopt the agreement. Instead, Mr. Jennings should have reached an agreement with the Department. The consent agreement previously submitted to the district court is not valid, because the proper procedure was not followed and an indispensible person was not a party to the action.

Decree
For the foregoing reasons the consent judgment is reversed, and the matter remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.