DANIEL L. DYSART, Judge.
|, This appeal is taken from a judgment granting a Special Motion to Strike and a Peremptory Exception of No Cause of Action in favor of the New Orleans Jazz & Heritage Foundation, Inc. (hereinafter “Foundation”). For the following reasons, we affirm.
This matter has been before this Court previously wherein this Court reversed a judgment finding Kirksey personally liable for amounts owed to the Foundation, but affirmed the remainder of the judgment finding Kirksey Enterprises, Inc., liable for monies owed to the Foundation. New Orleans Jazz and Heritage Foundation, Inc. v. Kirksey, 09-1433 (La.App. 4 Cir. 5/26/10), 40 So.3d 394, writ denied 10-1475 (La.10/1/10), 45 So.3d 1100.
Following rendition of the above opinion, the New Orleans Jazz & Heritage Foundation, Inc., filed a petition to enforce the judgment. Kirksey filed an Exception of Res Judicata, which was maintained by the trial court, but reversed by this Court. See New Orleans Jazz and Heritage *667 Foundation, Inc. v. Kirksey, 12-202 (La.App. 4 Cir. 11/30/12), 104 So.3d 714. An application for rehearing was denied, and no writ was taken to the Supreme Court.
The instant lawsuit was filed by Kirksey in September 2011, alleging that the Foundation was liable to him for defamation, false light invasion of privacy, and tortious attempt to collect a disputed debt. The basis of the allegations is that the Foundation pleaded in the initial lawsuit that Kirksey misappropriated funds which were owed to the Foundation. Kirksey further alleges that the Foundation published these defamatory accusations to its board members, and released the information to the Times-Picayune for publication. Kirk-sey argues that because this Court did not find that funds were misappropriated, either by him personally or by his closely-held corporation, the allegations made by the Foundation were malicious, false and defamatory.
In response to the petition, the Foundation filed a Special Motion to Strike pursuant to La. Code Civ. Proc. art. 971 and an Exception of No Cause of Action. The trial court granted both the motion and exception. Further, upon granting the Special Motion to Strike, the trial court ordered the Foundation to file a Rule to Show Cause to tax reasonable attorney fees and costs in bringing the motion.
Following a hearing on the Foundation’s motion to tax costs, the trial court granted the motion and awarded the Foundation $7,903.09 in attorney fees, plus interest.
Kirksey has appealed both judgments.
IsDISCUSSION:
The special motion to strike and exception of no cause of action are inextricably linked, i.e., once the trial court granted the motion to strike, the causes of action alleged by Kirksey ceased to exist making it impossible for Kirksey to establish a likelihood of success on the merits of any of his claims. Nonetheless, we will discuss the motion and exception separately.
A. Special Motion to Strike:
Louisiana Code of Civil Procedure art. 971 provides in part:
A. (1) A cause of action against a person arising from any act of that person in furtherance of the person’s right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.
(2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
(3) If the court determines that the plaintiff has established a probability of success on the claim, that determination shall be admissible in evidence at any later stage of the proceeding.
B. In any action subject to Paragraph A of this Article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs.
[[Image here]]
F. As used in this Article, the following terms shall have the meanings ascribed to them below, unless the context clearly indicates otherwise:
(1) “Act in furtherance of a person’s right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue” includes but is not limited to:
L(a) Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law.
*668 (b) Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.
(c) Any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest.
(d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.
Because the grant of a special motion to strike involves a question of law, an appellate court conducts a de novo review. Alexander v. Centanni, 11-0783, p. 4 (La.App. 4 Cir. 11/16/11), 80 So.3d 590, 592.
The Louisiana legislature declared it to be in the best interest of the public “to encourage continued participation in matters of public significance.” Thinkstream, Inc. v. Rubin, 06-1595 (La.App. 1 Cir. 9/26/07), 971 So.2d 1092, 1100. The legislature intended the special motion to strike to be utilized in screening out “mer-itless claims pursued to chill one’s constitutional rights under the First Amendment of the United States Constitution to freedom of speech and press.” Melius v. Keiffer, 07-0189, p. 2 (La.App. 4 Cir. 3/12/08), 980 So.2d 167, 170, citing Lee v. Pennington, 02-0381, p. 4 (La.App. 4 Cir. 10/16/02), 830 So.2d 1037, 1041. The courts have determined that La.Code Civ. Proc. art. 971 should be construed broadly to satisfy the intent of the legislature. Darden v. Smith, 03-1144 (La.App. 3 Cir. 6/30/04), 879 So.2d 390, 396; Davis v. Benton, 03-0851 (La.App. 1 Cir. 2/23/04), 874 So.2d 185, 190.
| BThe burden of proof initially lies with the party bringing the motion to strike to prove.that “the cause of action arises from an act in the exercise of his right of free speech regarding a public issue.” Melius, 07-0189, p. 3, 980 So.2d at 171, citing Aymond v. Dupree, 05-1248, p. 7 (La.App. 3 Cir. 4/12/06), 928 So.2d 721, 727. Once the mover meets his burden, the plaintiff must demonstrate a probability of success on the claim. Id. The trial court must examine the pleadings and supporting and opposing affidavits to determine whether the plaintiff has met his burden. La. Code Civ. Proc. art. 971 A(2).
In his petition, Kirksey claimed he was defamed on three specific occasions: 1) when he was accused in the underlying lawsuit of misappropriating, concealing, converting and/or conspiring to misappropriate certain rebates due the Foundation from ticket sales, and for breaching a fiduciary duty; 2) when certain Foundation board members informed the Times-Picayune that the Foundation was suing Kirksey for the above torts; and, 3) when certain Foundation board members informed other board members about the alleged misappropriation of funds.
The Foundation filed the motion to strike asserting that it was exercising its right to free speech in connection with a public issue. La. Code Civ. Proc. art. 971 A(l). The Foundation argues that it met its burden by showing that the acts, which form the basis of Kirksey’s cause of action, are the allegations contained the Foundation’s petition. The Foundation further argues that it only need prove that its actions involved the type of public issue that La. Code Civ. Proc. art. 971 is intended to protect. We agree.
The filing of the lawsuit against Kirksey and the reporting of that fact are acts “in furtherance of a person’s right to petition or free speech,” which includes “any written or oral statement or writing made in connection with an issue under Lreview by a legislative, executive or judi *669 cial body or any other official body authorized by law.” La. Code Civ. Proc. art. 971 F(l)(b).
Kirksey argues that the lawsuit filed by the Foundation was not of public concern because the dispute was between two private entities. This argument fails.
In Connick v. Myers, 461 U.S. 138, 146, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983), the United States Supreme Court described speech on matters of public concern as speech “relating to any matter of political, social, or other concern to the community.” To determine if speech is a matter of public concern, the court must determine the content, form, and context of a given statement, as revealed by the entire record. Id., 461 U.S. at 147-48, 103 S.Ct. at 1690. We find, as did the trial court, that the underlying lawsuit involves a matter of public concern as the Jazz Festival is one of the premier entertainment events each year in the City of New Orleans, contributing millions of dollars eaeh year to the City’s economy. Contra, Lyons v. Knight, 10-1470 (La.App. 3d Cir. 5/11/11), 65 So.3d 257 (case involving a business relationship between a private citizen and a private business corporation).
Once the Foundation met its burden, the burden shifted to Kirksey to establish the probability of success on each and every element of his defamation claim and false light invasion of privacy claim. La. Code Civ. Proc. art. 971 A(3).
Through its exception of no cause of action, the Foundation confirmed that Kirksey cannot establish a likelihood of success on the merits of any of his claims. The trial court examined “the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.” La. Code Civ. Proc. art. 971 A(2).
|7B. Exception of No Cause of Action:
 The exception of no cause of action serves to test the legal sufficiency of a petition by determining whether the law affords a remedy on the facts alleged. Jenkins v. Gray Ins. Co., 11-0035, p. 3 (La.App. 4 Cir. 7/6/11), 67 So.3d 707, 709. The pertinent inquiry is whether, in a light most favorable to the plaintiff and with every doubt resolved in plaintiffs behalf, the petition states any valid cause of action for relief. La. Code Civ. Proc. arts. 927, 931; NOLA 180 v. Harrah’s Operating Co., Inc., 12-0072, p. 3 (La.App. 4 Cir. 5/16/12), 94 So.3d 886, 888, citing Mobile-One Auto Sound, Inc. v. Whitney Nat’l Bank, 2011-0535, p. 4, 78 So.3d at 810. The burden of showing that the plaintiff has not stated a cause of action is upon the exceptor. NOLA 180, supra, citing City of New Orleans v. Bd. of Directors of Louisiana State Museum, 98-1170, p. 9 (La.3/2/99), 739 So.2d 748, 755. The exception is triable on the face of the petition, with the trial court presuming that all well-pleaded facts in the petition are true.
The review of a peremptory exception of no cause of action is de novo. In other words, the appellate court uses the same standards as the trial court to review the petition. See. e.g., Meckstroth v. Louisiana Dept. Of Transp. and Development, 2007-0236, p. 2 (La.App. 4 Cir. 6/27/07), 962 So.2d 490, 492, citing Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235-36 (La.1993).
A plaintiff alleging defamation “must set forth in the petition with reasonable specificity the defamatory statements allegedly published by the defendant.” Fitzgerald v. Tucker, 98-2313 (La.6/29/99), 737 So.2d 706, 713.
*670 1) Defamation claim:
A plaintiff must satisfy five elements to carry the burden of proving defamation: 1) defamatory words; 2) unprivileged publication; 3) falsity; 4) malice 1 factual or implied); and 5) injury. Navis v. Times-Picayune Publishing Corp., 92-2656 (La.App. 4 Cir. 1/27/94), 631 So.2d 1338, 1339. The Foundation argues that because Kirksey did not satisfy even one, much less all, of the elements, he has failed to state a cause of action. Therefore, he also cannot satisfy his burden of proving a probability of success on the claim, a requirement pursuant to La. Civ.Code art. 971.
a) Defamatory words:
Our jurisprudence has established two categories of defamatory words: 1) those that are defamatory per se; and 2) those that are susceptible of a defamatory meaning. Costello v. Hardy, 03-1146, p. 13 (La.1/21/04), 864 So.2d 129, 140.
The first category, words that are defamatory per se, is described as words which expressly or implicitly accuse another of criminal conduct, or which, by their very nature, tend to injure one’s personal or professional reputation, even without considering extrinsic facts or surrounding circumstances. Costello, supra, citing Kosmitis v. Bailey, 28,585 (La.App. 2 Cir. 12/20/96), 685 So.2d 1177, 1180.
The words contained in the Foundation’s petition, which Kirksey complains are defamatory, are words such as misappropriation, conversion, and civil conspiracy, all of which are words used commonly in the area of civil tort litigation. We do not find these words, used in this context, are defamatory per se.
We also do not find that the words used in the Foundation’s petition constitute a defamatory meaning by innuendo or implication. These statements “which carry a defamatory implication can only be actionable if the statements regard a private individual and private affairs.” Fitzgerald, 737 So.2d at 717 (emphasis in original); see also Schaefer v. Lynch, 406 So.2d 185, 188 (La.1981). As stated above, matters involving the Jazz Fest are of great public concern. Thus, | flthere was no defamation by implication or innuendo in the filing of the initial lawsuit against Kirksey.
b) Unpublished publication:
The second element which must be proved to maintain an action for defamation is to show that the communication was not protected by a privilege, either absolute or qualified. Doe v. Grant, 01-0175 (La.App. 4 Cir. 1/29/03), 839 So.2d 408, 416.
Kirksey cites Bienvenu v. Angelle, 254 La. 182, 223 So.2d 140 (La.1969) for the proposition that La. R.S. 14:49[1] does not apply in the civil context. However, subsequent jurisprudence has held differently, the latest pronouncement by the Supreme Court being made in Costello, supra. The Court specifically stated that “statements made in the course of a judicial proceeding are subject to a qualified privilege if the statements are material to the proceeding, and are made with probable cause and without malice.” 864 So.2d at 142, fn. 13. The allegations made in the Foundation’s petition meet these criteria. *671 It was necessary for the Foundation to make the allegations against Kirksey to sustain its cause of action for misappropriation and conversion. The fact that this Court found liability only on the part of Kirksey’s closely-held corporation for breach of contract is of no moment.
c) Falsity:
Perhaps the most important element not proven by Kirksey is that the statements made in the petition were false. In the underlying lawsuit, the 1 inFoundation merely had to prove by a preponderance of the evidence that Kirk-sey misappropriated funds belonging to the Foundation. This Court’s finding that Kirksey personally did not misappropriate funds does not make those statements false. The ultimate ruling finding that Kirksey’s close-held corporation breached its contract with the Foundation only means that the allegations of personal liability by Kirksey were not legally sustainable.
d) Malice:
Kirksey must prove that the Foundation acted with malice. To do so, Kirksey must prove that the Foundation knew the statements made in its petition were false and that the use of those words would defame Kirksey; that it acted in reckless disregard of these matters; or that it acted negligently in failing to ascertain them. Kennedy v. Sheriff of East Baton Rouge, 05-1418, p. 15 (La.7/10/06), 935 So.2d 669, 681, citing Restatement (Second) of Torts, § 580B. Kirksey has not done so.
Kirksey claims that the Foundation did not meet its burden of proof at trial because it did not file an answer to his petition, thereby making Kirksey’s allegations uncontroverted. However, La.Code Civ. Proc. art. 1001 allows a defendant to file an exception, and to have it considered, prior to filing an answer.
The Foundation filed the petition in the underlying lawsuit making allegations of misappropriation and/or conversion based on the facts as it knew them to be true, i.e., revenues the Foundation believed were owed to it by Kirksey had never been received. These allegations were ultimately determined to be factual by this Court in the first appeal. Although this Court found the issue of |nliability to be based on breach of contract instead of personal liability, that finding does not change the facts—Kirksey owed the Foundation money.
It cannot therefor be said that the Foundation acted with malice.
e)Injury:
The last element to be satisfied is proof of injury. Kirksey claimed in his petition that he suffered injury to his professional reputation, personal humiliation, embarrassment, mental anguish, loss of employment and economic loss. The record reveals no evidence to substantiate any of these claims as required. Costello v. Hardy, 03-1146, p. 14, 864 So.2d at 141. The only “evidence” offered by Kirksey is his own self-serving affidavit wherein he restates the allegations of his petition.
We conclude that Kirksey has not satisfied even one element necessary to prove defamation. There is no merit to his assignments of error in this regard.
2) False light invasion of privacy claim:
As to false light invasion of privacy, Kirksey must prove that there existed a privacy interest, falsity and unreasonable conduct. Stern v. Doe, 01-0914, p. 5 (La.App. 4 Cir. 12/27/01), 806 So.2d 98, 101, citing Perere v. Louisiana Television *672 Broadcasting Corp., 00-1656 (La.App. 1 Cir. 9/28/01), 812 So.2d 673, 376.
Our analysis of Kirksey’s defamation claim thoroughly discusses whether the allegations of Kirksey’s petition satisfy the above elements; we have concluded they do not. Therefore, Kirksey likewise cannot carry his burden to prove false light invasion of privacy because he has not stated any facts to corroborate his claim.
|123) Tortious attempt to collect debt claim:
Kirksey also claims that the Foundation’s attempts to collect the debt owed by him (or his closely-held corporation as determined in this Court’s prior opinion), constitutes a tort. The Foundation challenged those claims in its exception of no cause of action, which the trial court granted. The Foundation did not employ any methods normally associated with a tor-tious attempt to collect a debt, such as contacting the debtor’s employer. Rather, Kirksey’s employer became aware of the lawsuit against Kirksey by the Foundation and decided to fire him. There is no proof offered that the lawsuit to collect the debt influenced Kirksey’s employer to fire him.
C. Attorneys Fees and Costs:
Attorney’s fees were prayed for and awarded by the trial court in connection with the special motion to strike. La. Code Civ. Proc. art. 971 clearly provides that “a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs ” La. Code Civ. Proc. art. 971 B. Because we find the Foundation prevailed in the suit below, the award of attorney fees and costs was proper.
CONCLUSION:
Based on our review of the record as detailed above, we affirm the rulings of the trial court granting the special motion to strike and the exception of no cause of action filed by the Foundation. All costs of this appeal are assessed to Kirksey.
AFFIRMED

. La. R.S. 14:49 is a statute contained in the Louisiana Criminal Code, which states that "a qualified privilege exists and actual malice must be proved, regardless of whether the publication is true or false,” in the context of a publication or expression made by a party or attorney in a judicial proceeding.