DANIEL L. DYSART, Judge.
hSTIBS, LLC, appellant herein and defendant/third-party plaintiff in the underlying cause of action, appeals a ruling of the trial court granting third-party defendant, Homestead Title Company’s, Exception of No Cause of Action. For the reasons that follow, we affirm.
BACKGROUND:
STIBS, LLC purchased property at 2815 Chippewa Street in New Orleans from PTC Family Investments, LLC, and Perry T. Custer, Jr., on May 31, 2007. STIBS sought a mortgage to purchase the property from Fidelity Homestead Savings Bank, which required STIBS to use the services of Homestead Title, LLC, to perform the title search. Robert N. Andry was an attorney and employee of Homestead Title, who performed the title search and notary work on the mortgage.
On September 14, 2012, Loan Partners, LLC, filed the underlying cause of action against STIBS, PTC Family Investments and Perry T. Custer, seeking to enforce a mortgage, promissory note and/or contract of loan it held against the Chippewa Street property. STIBS timely answered the petition, claiming that it had no knowledge of the existence of the mortgage, and filed a Reconventional Demand, Cross-Claim and Third-Party Demands. The Reconven-tional Demand 12against Loan Partners asserted that the mortgage was not on record on the date of the sale of the Chippewa property. The Cross-Claim against PTC Family Investments and Perry T. Custer alleged failure to disclose the existence of the mortgage at the time of the sale. STIBS filed the third-party demands against Dale Atkins, Clerk of Civil District Court, for alleged failure to properly rec *773 ord and index the mortgage; against Fidelity Homestead for its requirement that the services of Homestead Title Company be used; and, against Robert Andry for damages caused by his performance as the settlement agent and notary, specifically failing to provide a merchantable title to the Chippewa Street property. The last third-party demand, which is the subject of this appeal, was against Homestead Title Company, alleging it was responsible for providing the services of Robert Andry as the settlement agent and notary.
Homestead Title Company initially filed a Peremptory Exception of Peremption on the ground that any alleged act or neglect on its part, or that of its employees, took place prior to or at the time of the act of sale, which was completed on May 31, 2007. Thus, as more than five years had elapsed prior to the filing of the third-party demand, the cause of action was perempted pursuant to the attorney malpractice statute, La. R.S. 9:5605.
The trial court, on its own motion, granted the exception in favor of Robert Andry, but denied it as to Homestead Title stating that the attorney malpractice statute only applied to Andry, an attorney, and not to his employer, an entity not engaged in the practice of law.[1]
| ^Homestead Title subsequently filed an Exception of No Cause of Action, arguing that STIBS ceased to have a cause of action against it because the allegations made by STIBS arose from the alleged malpractice of Andry. As the claims against Andry were perempted, the cause of action against Homestead Title was likewise extinguished. The trial court granted the exception dismissing Homestead Title from the case, and this appeal followed.
DISCUSSION:
The exception of no cause of action serves to test the legal sufficiency of a petition by determining whether the law affords a remedy on the facts alleged. Kirksey v. New Orleans Jazz & Heritage Found., Inc., 12-1351, p. 7 (La.App. 4 Cir. 2/27/13), 116 So.3d 664, 669; Jenkins v. Gray Ins. Co., 11-0035, p. 3 (La.App. 4 Cir. 7/6/11), 67 So.3d 707, 709. The pertinent inquiry is whether, in a light most favorable to the plaintiff and with every doubt resolved in plaintiffs behalf, the petition states any valid cause of action for relief. La. Code Civ. Proc. arts. 927, 931; City of New Orleans v. Bd. of Directors of Louisiana State Museum, 98-1170, p. 9 (La.3/2/99), 739 So.2d 748, 755; Kirksey, 12-1351, p. 7, 116 So.3d at 669. The exception is triable on the face of the petition, with the trial court presuming that all well-pleaded facts in the petition are true.
The review of a peremptory exception of no cause of action is de novo. In other words, the appellate court uses the same standards as the trial court to review the petition. See. e.g., Meckstroth v. Louisiana Dept. Of Transp. and Development, 2007-0236, p. 2 (La.App. 4 Cir. 6/27/07), 962 So.2d 490, 492, citing Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235-36 (La.1993).
|4STIBS argues that the trial court erred in granting the exception of no cause of action because the release of the attorney on a peremption exception does not accrue to the benefit of Homestead Title Company.
Homestead Title argues that there is no claim remaining for which it can be liable as the employer of the attorney that prepared the title opinion. The basis of *774 STIBS’s third-party demand against Homestead Title was that the title opinion was negligently prepared by an attorney that worked for Homestead Title, and that the attorney failed to discover a prior mortgage on the subject property. However, any claim arising out of the preparation of the title opinion was extinguished as a matter of law through the peremption provisions of La. R.S. 9:5605.
In its third-party demand against Homestead Title, STIBS alleged that Homestead Title provided the services of Robert An-dry to do a title search, which the law requires be done by an attorney, and to do the notary work required to close on the mortgage. In its memorandum in opposition to the exception of no cause of action, STIBS stated that Homestead Title “missed” the open mortgage secured by the Chippewa property, when it was the responsibility of Homestead Title to deliver a merchantable title to the property. STIBS also admits in its opposition that it had made no allegation that there was a breach of notary obligations incumbent on Homestead Title.
The trial court stated that it had reviewed the petitions, motions and memo-randa filed in connection with the case. It then stated:
Here, plaintiff sued Homestead Title Company, alleging that Homestead provided Robert Andry as the settlement agent and closing notary who failed to provide STIBS, LLC, with merchantable title. Robert Andry was dismissed because all claims filed against him were legal malpractice claims which were per-empted pursuant to Louisiana Revised Statute 9:5605. The Court finds that [^because claims against Robert Andry were extinguished and plaintiffs allegations against Homestead Title Company arises [sic] out of alleged negligent legal malpractice acts of Robert Andry, plaintiff has failed to state a valid cause of action against Homestead Title Company upon which relief can be granted. See Marsh Engineering, Inc. v. Parker. Therefore, for the reasons orally assigned, Homestead Title Company’s exception of no cause of action is hereby sustained.
In Marsh Engineering, Inc. v. Parker, 04-0509 (La.App. 3 Cir. 9/29/04), 883 So.2d 1119, the appellate court considered whether a solidary obligor could benefit from the application of La. R.S. 9:5605, the application of which released an attorney solidary obligor, when the non-attorney solidary obligor did not have the requisite attorney-client relationship to assert a defense under this statute.
The court explained:
“A solidary obligor may raise against the obligee defenses that arise from the nature of the obligation, or that are personal to him, or that are common to all the solidary obligors. He may not raise a defense that is personal to another solidary obligor.” La.Civ.Code art. 1801. “[W]hen an immunity from suit is classified as personal, an insurer may not plead the immunity as a defense to a suit under the Direct Action Statute.” Liberty Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co., 579 So.2d 1090, 1093 (La.App. 4 Cir.), writ denied, 586 So.2d 563 (La.1991). Thus, the question is whether the protection provided an attorney under La. R.S. 9:5605 is personal to the attorney. We conclude it is not.
Id., 04-0509, p. 11, 883 So.2d at 1127.
We find, as did the trial court, that Homestead Title is entitled to the protection provided to attorney Andry. The claims raised by STIBS arise from the fact that the claims against Homestead Title are based on Andry’s alleged legal malpractice. The statutory peremption is not *775 a personal defense between STIBS |fiand Andry. La. R.S. 9:5605 creates a defense of no cause of action which is available to Homestead Title as Andr/s employer.
Accordingly, for the foregoing reasons, we affirm the trial court’s grant of the Exception of No Cause of Action dismissing Homestead Title.
AFFIRMED

. Homestead Title filed a supervisory writ in this Court, which was denied. See Loan Partners LLC v. PTC Family Investments, LLC, 13-1179 (La.App. 4 Cir. 9/11/13), not published.