Judge Daniel L. Dysart
11 Dianne Dennison Atkinson (“Ms. Atkinson”) appeals the trial court’s maintaining the Peremptory Exception of No Cause of Action filed in response to her Rule for Modifications of Physical Custody Schedule. She also appeals the trial court’s ruling in a consolidated Motion for Suspension of Child Support filed by James Dudley Atkinson, IV (“Dr. Atkinson”), relieving him of his obligation to pay child support during the months of June and July.
After review, we affirm the trial court’s ruling maintaining the Peremptory Exception of No Cause of Action. Further, we vacate that portion of the judgment relieving Dr. Atkinson of his child support obligation during the months of June and July, and remand that matter to the trial court for further proceedings.
BACKGROUND:
The parties were divorced in 2010. They have one child, Camille, who was eleven at the time the trial court heard this matter on April 6, 2016. Based on several consent judgments and a considered decree, the issues of custody, visitation, and holiday and summer schedules were established.[1] The consent | ¿judgments establish that the parties are the joint custodians of Camille, with Ms. Atkinson being the primary domiciliary parent. By virtue of a December 15, 2014 considered decree, Ms. Atkinson is designated as the primary custodial parent during the school year, with Dr. Atkinson having physical custody from two days after the end of the school year until five days before the beginning of the next school year. The non-custodial parent has visitation every other weekend and on Wednesday evenings of every week. The judgment provides for vacation time with the child for each parent during the summer months. Further, the judgment allows for the modification of visitation, but only with the written consent of the parties.
Ms. Atkinson raised several issues in her first appeal, including custody, but voluntarily dismissed all issues except one pertaining to transportation of the child for visitation.
In November 2015, two months after this Court rendered its opinion in the previous appeal, Ms. Atkinson filed a Rule for Contempt against Dr. Atkinson for not paying child support during the two summer months Camille had spent with him. In response, Dr. Atkinson filed a motion to suspend child support during those summer months. Ms. Atkinson responded with a Rule for Modifications of Physical Custody Schedule. Specifically, Ms. Atkinson requested that the summer schedule be modified to provide for Camille to spend at least half of each summer with her mother in New Orleans.[2] She also sought to hold Dr. Atkinson in contempt for not paying his share of educational and medical expenses for Camille. Dr. Atkinson objected to the request for change of the summer custody schedule by |sfiling a Peremptory Exception of No Cause of Action, arguing that Ms. Atkinson’s premise for the change of custody did not meet the Bergeron[3] standard required for a change of custody *634 after a considered decree has been rendered. As such, he argued that Ms. Atkinson did not state a valid cause of action. As stated above, the trial court agreed with Dr. Atkinson, maintaining his exception, thereby dismissing Ms. Atkinson’s motion to modify custody.
At the subject hearing, the parties stipulated that Dr. Atkinson would pay within five days to Ms. Atkinson the $5000 owed for child support in the summer of 2015, and that Ms. Atkinson would dismiss her rule for contempt. However, the trial court also granted Dr. Atkinson’s rule to suspend child support for June and July of each year going forward.
DISCUSSION:
On appeal, Ms. Atkinson raises two assignments of error. First, she argues that the trial court erred in maintaining Dr. Atkinson’s Peremptory Exception of No Cause of Action, as she did not request a change of custody, but rather a change to the allocation of physical custody over the summer. In her second assignment of error, she argues that the trial court erred in suspending Dr. Atkinson’s child support payments during the summer.
We find Ms. Atkinson’s argument that her request for modification was not a change of custody, but merely a change to the allocation of physical custody during the summer, is without merit. The motion she filed was entitled “Rule for Modifications of Physical Custody Schedule,” and in it she specifically requests that the previously ordered custody schedule for the summer be changed such that |4she would be awarded one-half of that period. We find such to be a request for a change of custody without the requisite material change in circumstances alleged or set forth in the motion. Accordingly, the Exception of No Cause of Action is an appropriate challenge to her motion.
The exception of no cause of action serves to test the legal sufficiency of a petition by determining whether the law affords a remedy on the facts alleged. Loan Partners, LLC v. PTC Family Investments, LLC, 14-0582, p. 3 (La.App. 4 Cir. 11/26/14), 157 So.3d 771, 773; Kirksey v. New Orleans Jazz & Heritage Found., Inc., 12-1351, p. 7 (La.App. 4 Cir. 2/27/13), 116 So.3d 664, 669. The pertinent inquiry is whether, in a light most favorable to the plaintiff and with every doubt resolved in plaintiffs behalf, the petition states any valid cause of action for relief. La. Code Civ. Proc. arts. 927, 931; City of New Orleans v. Bd. of Directors of Louisiana State Museum, 98-1170, p. 9 (La. 3/2/99), 739 So.2d 748, 755; Kirksey, 12-1351, p. 7, 116 So.3d at 669. The exception is triable on the face of the petition, with the trial court presuming that all well-pleaded facts in the petition are true. Loan Partners, 14-0582, p. 3,157 So.3d at 773.
A party seeking to modify a considered custody decree bears a heavy burden of proof to warrant a change in that custody arrangement. Hilkirk v. Johnson, 15-577, p. 28 (La.App. 4 Cir. 12/23/15), 183 So.3d 731, 747, citing Bergeron, 492 So.2d at 1196. In Bergeron, the Louisiana Supreme Court stated:
When a trial court has made a considered decree of permanent custody the party seeking change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.
| ¡Bergeron, 492 So.2d at 1200.
More recently, in Mulkey v. Mulkey, 12-2709 (La. 5/7/13), 118 So.3d 357, the *635 Louisiana Supreme Court restated the Bergeron rule:
[W]hen a party seeks to change custody rendered in a considered decree, the proponent of change must not only show that a change in circumstances materially affecting the welfare of the child has occurred since the prior order respecting custody, but he or she must also meet the burden of proof set forth in Bergeron.
Mulkey, 12-2709, p. 11, 118 So.3d at 365.
Ms. Atkinson’s Rule for Modification provides in pertinent part:
III. The summer schedule provided for in the judgment of December 15, 2014 [sic], is not in the best interests of the minor child. The minor child has expressed to Mover and her therapist that she desires to have contact with her peer group who live in the New Orleans area over the summer, and that she does not like attending camp in Baton Rouge because she has no friends there.
IV. The minor child is experiencing severe anxiety and is frequently tearful in discussing the upcoming summer. It would be in the best interest of the minor child, for the summer physical custody schedule be [sic] modified to provide that Camille spend at least half of each summer with her mother in the New Orleans area.
In his exception, Dr. Atkinson argued that as the issue of custody, both during the school year and the summer, had previously been adjudicated by the lower court, and had not been appealed by Ms. Atkinson, custody could not now be re-litigated unless Ms. Atkinson stated a material change of circumstances in her motion. The trial court, which was unquestionably familiar with the facts and history of this case, agreed that the current custody plan was the law of the case.
Although Ms. Atkinson argued that she did not seek to change the custody arrangement, but merely sought to modify the amount of time Camille spends with I f,her father in the summer months, the trial court was of the opinion that her proposed changes as stated on the face of her motion, were tantamount to a change in custody subject to the Bergeron/Mulkey rule. There are no allegations contained in Ms. Atkinson’s motion that the current summer custody schedule is deleterious to Camille or that any harm will come to her should the schedule remain. As the trial court did not find that the allegations of her motion stated a valid cause of action, it maintained Dr. Atkinson’s exception. We agree.
The cases cited by Ms. Atkinson in her brief, particularly Schmidt v. Schmidt, O8-263 (La.App. 4 Cir. 2/11/09), 6 So.3d 197, are distinguishable. In Schmidt, a father moved to modify a considered custody decree on the grounds that the current arrangement for exchanging the children was detrimental to them. Apparently, there were several altercations between the parents when exchanging the children at the mother’s house. The father’s proposed change would allow for the children to be picked up and dropped off at school on Mondays, with each parent having a full week with the children. The father also argued that his having full alternating weeks with the children would create more stability for them and allow for a more equitable sharing of time for the parents.
Here, Dr. Atkinson has slightly more than a two month period allocated to him in the summer. Ms. Atkinson desires to cut that time in half.[4] Further, she makes no *636 showing on the face of her pleading to indicate any material change in circumstance, or that the present custody arrangement is deleterious to Camille.
Thus, we find no error in the trial court maintaining Dr. Atkinson’s exception of no cause of action.
|7Ms. Atkinson briefly addresses that the trial court did not consider the issue of whether Dr. Atkinson was giving sufficient notice of when he would exercise weekend visitation with Camille. She complained that on some weekends he would pick Camille up on Friday, but on other weekends he would not pick her up until Saturday. A court-appointed custody facilitator had recommended that Dr. Atkinson give Ms. Atkinson a minimum two day notice- of when he would pick up Camille. Ms. Atkinson complained that this was too short of a notice for her to plan her weekend. She concedes in her brief that the trial court did not consider this issue.
In her brief, she argues that it was improper for the trial court to dismiss this issue on the basis of no cause of action, as she clearly stated one. Our review of the record and transcript indicates that Dr. Atkinson did not include this issue in his exception of no cause of action, no evidence was offered at the trial relative to this issue, and the trial court did not address the issue at trial. As no evidence was offered at trial on this issue and the trial court did not specifically rule it, we cannot properly review it on appeal.
By her second assignment of error, Ms. Atkinson argues that the trial court abused its discretion by ordering suspension of child support payments to her for the two summer months Camille lives with Dr. Atkinson.
Louisiana Revised Statute 9:315.8 provides for the calculation of child support when the parties have been awarded joint custody. La. R.S. 9:315.8 E provides in part:
(1) In cases of joint custody, the court shall consider the period of time spent by the child with the nondomiciliary party as a basis for adjustment to the amount of child support to be paid during that period of time.
U(2) If under a joint custody order, the person ordered to pay child support has physical custody of the child for more than seventy-three days, the court may order a credit to the child support obligation ....
(3) In determining the amount of credit to be given, the court shall consider the following:
(a) The amount of time the child spends with the person to whom the credit would be applied. The court shall include in such consideration the continuing expenses of the domiciliary party.
(b) The increase in financial burden placed on the person to whom the credit would be applied and the decrease in financial burden on the person receiving child support.
(c) The best interests of the child and what is equitable between the parties.
In 2001, the Louisiana legislature amended the child support statutes to add La. R.S. 9:315.8 E addressing joint custody, and La. R.S. 9:315.9 to provide for shared custody. This legislation appears to have been enacted in response to the Louisiana Supreme Court decision in Guillot v. Munn[5], which is relied on by both parties.
Ms. Atkinson admits in her brief that Dr. Atkinson has physical custody and weekend visitation with Camille for a total *637 of ninety-four days per year, exclusive of holidays. Ms. Atkinson argues, however, that Dr. Atkinson does not always exercise his visitation; therefore, his actual time with Camille is less. She further argues that the amount of time Dr. Atkinson spends with Camille is not the type of “extraordinary” visitation envisioned by Guillot, but is a typical visitation schedule routinely awarded by courts.
Dr. Atkinson argues that he has “shared custody” of Camille, as set forth in La. R.S. 9:315.9, for the summer months. Thus, he is entitled to a suspension of child support for the two months he has physical custody.
[flThere is no provision in the child support statutes for an adjustment in support because the party afforded visitation does not always exercise that right. Additionally, as to Dr. Atkinson’s argument that he has “shared custody” during the summer months, there is no provision for having joint custody part of the year and shared custody part of the year. Rather, the statutes provide for one or the other, and in this case, the record is clear that the parties have joint custody of Camille. As such, the provisions of La. R.S. 9:315.8 E apply.
Pursuant to the prior child support award, Dr. Atkinson was charged with paying child support of $2500 per month, plus one hundred percent of Camille’s school tuition and all mandatory school expenses. He was further charged with paying sixty percent of all out-of-pocket medical expenses. He testified at trial that during the summer months when he has physical custody of Camille, he incurs an additional expense for summer camp. At the subject hearing, the trial court assessed Dr. Atkinson with an additional charge of paying for a school lunch program, which Ms. Atkinson testified was a mandatory expense.
The child support guidelines establish a rebuttable presumption of the amount of child support that is proper. See, La. R.S. 9:315.1 A. If the court finds that the application of the guidelines would not be in the best interest of the child or would be inequitable to the parties, it may deviate from the guidelines. La. R.S. 9:315.1 B; Strange v. Strange, 42,318, p. 6 (La.App. 2d Cir. 6/20/07), 960 So.2d 1223, 1228. Louisiana Revised Statute 9:315.8 E(1) and E(3)(a) require that the trial court consider the period of time spent with the non-domiciliary parent as a basis for adjustment of the child support obligation. Importantly, La. R.S. 9:315.8 E(3)(a) requires the court to make this consideration in light of the domiciliary | mparent’s continuing expenses and the contribution made by the non-domiciliary parent to the child’s needs. The law does not mandate an adjustment for time spent, nor does it remove from the trial court the discretion to decide whether to make an adjustment. Temple v. Temple, 94-1244, p. 2 (La.App. 3d Cir. 3/1/95), 651 So.2d 466, 468. There is no hard and fast rule to determine just how much, if any, to reduce the child support obligation based on the percentage of time the child lives with either parent. Savoie-Moore v. Moore, 98-235, p. 7 (La.App. 4 Cir. 9/16/98), 719 So.2d 551, 555; In the Matter of Burkenstock, 95-586, p. 4 (La.App. 5 Cir. 12/13/95), 666 So.2d 1168-1170.
It is clear from the record in this case that the trial court was exceedingly familiar with the facts of the case, including the prior rulings.[6] It considered the amounts being paid by Dr. Atkinson for child sup *638 port, as well as educational and medical expenses. However, La. R.S. 9:315.1 B(l) provides that:
[t]he court shall give specific oral or written reasons for the deviation [from the guidelines], including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of the record of the proceedings.
See, Dufresne v. Dufresne, 10-963, p. 7 (La.App. 5 Cir. 5/10/11), 65 So.3d 749, 754, State ex rel. Dept. of Social Services Office of Family Support ex rel. Young v. Jennings, 00-814, p. 3 (La.App. 4 Cir. 6/27/01), 790 So.2d 750, 752.
| nAceordingly, as the trial court did not express its reasons for suspending child support for the summer months, we must vacate that portion of the judgment, and remand for further proceedings consistent with the statutory mandate.
For the reasons set forth above, we affirm the portion of the judgment maintaining Dr. Atkinson’s Peremptory Exception of No Cause of Action, vacate the portion of the judgment suspending child support payments by Dr. Atkinson, and remand.
AFFIRMED IN PART; VACATED IN PART, AND REMANDED
LANDRIEU, J., CONCURS WITH REASONS

.The record in this matter does not contain the previous judgments establishing the visitation schedule. However, this case was appealed to this Court before (2015-CA-0341), and we have obtained facts concerning prior rulings from that opinion, which was based on a December 15, 2014 judgment. Additionally, the transcript of the subject hearing contains a narrative of the history of the case.

. Dr. Atkinson now resides in Baton Rouge, LA.

. Bergeron v. Bergeron, 492 So.2d 1193 (La. 1986).

. She argues that the time Dr. Atkinson would lose in the summer could be made up during the school year on extra weekends or holidays.

. 99-2132 (La. 3/24/00), 756 So.2d 290.

. The prior judgments and the worksheets used to determine child support are not contained in this record. Therefore, we do not know the underlying facts used to determine the amount of the child support award.