KATHRYN MARIE OLAVARRIETA

VERSUS

RICHARD S. ROBESON, JR.

NO. 22-C-158

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 735-631, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

July 06, 2022

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and Stephen J. Windhorst

**<u>AFFIRMED AS AMENDED</u>**
   **SJW**
   **JGG**
   **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Susan S. Buchholz
First Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RELATOR,
KATHRYN MARIE OLAVARRIETA
Jennifer C. Carter

COUNSEL FOR DEFENDANT/RESPONDENT,
RICHARD S. ROBESON, JR.
Cindy H. Williams

**WINDHORST, J.**

Kathryn Marie Olavarrieta seeks review of the trial court's judgment denying her exception of no cause of action to Richard Robeson's motion for modification of physical custody, her motion in limine to exclude the testimony of Dr. Karen van Beyer, and her exception of *res judicata*.

**FACTS and PROCEDURAL HISTORY**

This is a custody matter. By consent judgment on custody dated December 3, 2019, the parties agreed to maintain joint legal custody of their child and have shared physical custody, whereby Mr. Robeson has physical custody of the child every Tuesday and Wednesday and alternating weekends and Ms. Olavarrieta has physical custody of the child every Monday and Thursday and alternating weekends. On September 22, 2021, Mr. Robeson filed a motion for modification of physical custody schedule, seeking to change to alternating weeks with each parent. In his motion, Mr. Robeson asserted that a material change in circumstances is unnecessary to justify switching to an alternating week schedule, but that there has been a change of circumstances in that the child is older now and can tolerate being away from each parent for a week. Mr. Robeson also contended that an alternating week schedule is in the child's best interests.

**LAW and ANALYSIS**

*Exception of No Cause of Action*

Ms. Olavarrieta filed an exception of no cause of action, asserting that Mr. Robeson failed to allege a material change in circumstances for a modification of the current schedule or any reasons supporting that a schedule change would be in the best interest of the child. In response, Mr. Robeson alleged that his motion for modification of physical custody is simply a request for a change in visitation. He argued that, because he is attempting to modify visitation alone, the applicable standard is the best interest of the child, and that the allegations in his motion were

sufficient to state a cause of action. Alternatively, he claimed that there has been a material change in circumstances.

Pursuant to the December 3, 2019 consent judgment, the parties in this case have shared joint custody and, therefore, visitation is not at issue. *See* La. C.C. art. 136, which provides for visitation only in the event a parent does not have custody or joint custody. Mr. Robeson is seeking a modification of the schedule of joint physical custody instituted under La. R.S. 9:335. Therefore, this case must be considered as a modification of custody. *See* Granger v. Granger, 09-272 (La. App. 3 Cir. 11/10/09), 25 So.3d 162, 164, writ denied, 09-2687 (La. 12/18/09), 23 So.3d 941; Jackson v. Harris, 05-604 (La. App. 3 Cir. 12/30/05), 918 So.2d 1163; Cedotal v. Cedotal, 05-1524 (La. App. 1 Cir. 11/4/05), 927 So.2d 433; Davenport v. Manning, 95-2349 (La. App. 4 Cir. 6/5/96), 675 So.2d 1230.

For a parent seeking a change in a custody arrangement, the burden of proof differs depending on whether the prior custody award was made by a considered decree or a stipulated decree. Boesch v. Boesch, 16-526 (La. App. 5 Cir. 2/8/17), 210 So.3d 937, 944; Silbernagel v. Silbernagel, 10-267 (La. App. 5 Cir. 5/10/11), 65 So.3d 724, 728; Bergeron v. Bergeron, 85-1936 (La. 1986), 492 So.2d 1193. A stipulated custody decree is one in which "the parties consent to a custodial arrangement, and no evidence of parental fitness is taken." Boesch, 210 So.3d at 944. A considered decree, on the other hand, is "an award of permanent custody in which the trial court receives evidence of parental fitness to exercise care, custody, and control of children." Id.

The present case involves a stipulated custody decree because the prior custody decree from 2019 was a consent judgment. The party seeking to modify a stipulated custody decree bears the burden of proving that: 1) there has been a material change in circumstances since the prior custody decree was entered; and 2) the proposed modification is in the best interest of the children. Evans v. Lungrin,

97-451 (La. 2/6/98), 708 So.2d 731, 738; Silbernagel, 65 So.3d at 728. Thus, Mr. Robeson must satisfy this burden to prevail on the motion for modification.

The exception of no cause of action serves to test the legal sufficiency of a petition by determining whether the law affords a remedy on the facts alleged. Atkinson v. Atkinson, 16-759 (La. App. 4 Cir. 2/15/17), 212 So.3d 631, 634. The pertinent inquiry is whether, in a light most favorable to the plaintiff and with every doubt resolved in plaintiff's favor, the petition states any valid cause of action for relief. La. C.C.P. arts. 927, 931; City of New Orleans v. Bd. of Directors of Louisiana State Museum, 98-1170 (La. 3/2/99), 739 So.2d 748, 755. The exception is triable on the face of the petition, with the trial court presuming that all well-pleaded facts in the petition are true. Atkinson, 212 So.3d at 634. Contrary factual assertions are considered defenses which must be tried on the merits. Angelica v. Angelica, 608 So.2d 256, 259 (La. Ct. App. 1992), writ denied, 612 So.2d 65 (La. 1993).

Based on statutory law and case law, the only issue before us relative to the exception of no cause of action is whether Mr. Robeson has alleged facts sufficient to state a cause of action for modification of the physical custody schedule. If so, then a trial on the merits is necessary to determine whether a modification is warranted.

In his motion for modification of physical custody schedule, Mr. Robeson does allege there has been a material change of circumstances in that the child is older now and can tolerate being away from one parent or the other for a week; Ms. Olavarrieta is less than fully supportive of the child's extracurricular activities; the child has to attend aftercare often when he is in Ms. Olavarrieta's care; and the change would reduce conflict between the parties. Mr. Robeson also alleges that the modification is in the child's best interests.

Every child custody case must be viewed in light of its own particular set of facts and circumstances. Tinsley v. Tinsley, 2016-0891 (La. App. 1 Cir. 1/18/17), 211 So. 3d 405, 411. The trial court is therefore in the best position to ascertain the best interest of the child given each unique set of circumstances. Id. A trial court's determination of custody is entitled to great weight and will not be reversed on appeal unless an abuse of discretion is clearly shown. Id. Based on the allegations of Mr. Robeson's motion for modification, we cannot say the trial court erred in denying the exception of no cause of action. We do not address the merits of his motion at this time. We merely recognize that Mr. Robeson, as the father, (1) has the right to seek modification of custody; (2) states sufficient facts to allege a material change of circumstances exists warranting the modification; and (3) claims the modification would be in the best interest of the child.

Because a no cause of action hearing is not the proper procedural device for addressing the merits of Mr. Robeson's motion and he has a right to file a motion for modification in this matter, we find the trial court properly denied Ms. Olavarrieta's exception of no cause of action.

### *Motion in Limine*

Ms. Olavarrieta also contends that the trial court erred in denying her motion in limine to exclude any testimony by Dr. Karen van Beyer. Prior to the December 3, 2019 stipulated judgment, Dr. van Beyer conducted a custody evaluation and rendered a report on July 31, 2019. Ms. Olavarrieta challenges the trial court's ruling taking judicial notice of Dr. van Beyer's report and ordering Ms. Olavarrieta to submit to an updated evaluation relative to Mr. Robeson's motion for modification despite having prohibited Dr. van Beyer from testifying about any new information.

Ms. Olavarrieta asserts the trial court should not have taken judicial notice of Dr. van Beyer's 2019 report. A court may take judicial notice of its own proceedings. Shields v. Ponsaa, 01-1283 (La. App. 5 Cir. 2/26/02), 811 So.2d 1058,

1061. Dr. van Beyer's 2019 report is part of the record in this case. We therefore find no error in the trial court taking judicial notice of this report.

The court may order an evaluation of a party or the child in a custody or visitation proceeding for good cause shown. La. R.S. 9:331. The language of the statute is permissive, and the decision to require the evaluations lies in the discretion of the court. C.M.J. v. L.M.C., 14-1119 (La. 10/15/14), 156 So.3d 16; Jones v. Jones, 19-66 (La. App. 5 Cir. 5/29/19), 274 So.3d 811, 820. Considering the circumstances present here, we cannot say the trial court abused its vast discretion in ordering an updated custody evaluation. Dr. van Beyer's previous evaluation was three years ago when the child was five years old and had just completed pre-K. The child is now eight years and finishing second grade. Further, an updated evaluation is relevant because Mr. Robeson, as the father, is attempting to modify the custody schedule.

Ms. Olavarrieta contends the trial court erred in prohibiting Dr. van Beyer from testifying on any new information but ordering her to meet with Dr. van Beyer for an updated evaluation. Considering that the trial court ordered an updated custody evaluation, we find that Dr. van Beyer should not be prohibited from testifying about new information obtained in conducting the updated evaluation at the trial on Mr. Robeson's motion for modification.

She further questions Dr. van Beyer's potential bias in this case based on Dr. van Beyer's meeting with Mr. Robeson regarding his motion for modification. The transcript indicates that the trial court questioned Dr. van Beyer as to whether she remained a neutral party in this matter. Dr. van Beyer responded that she remains a neutral party and considers the best interest of the child to be the most important concern. While the meeting between Dr. van Beyer and Mr. Robeson is of some concern due to the appearance of possible bias, the effect and weight to be given to expert testimony is within the broad discretion of the trial court. Succession of

Gendron, 21-14 (La. App. 5 Cir. 6/23/21), 325 So.3d 584, 601, writ denied, 21-01075 (La. 11/23/21), 328 So.3d 79.  Having questioned Dr. van Beyer under oath and viewed her responses, the trial judge can best assess her credibility and the weight her recommendations deserve.  The trial judge may consider this issue in determining whether to accept or reject Dr. van Beyer's opinion.

### *Exception of Res Judicata*

Finally, Ms. Olavarrieta asserts the trial court erred in denying her exception of *res judicata* and not finding Mr. Robeson's issues are co-parenting issues that should be resolved with a co-parenting coordinator.  "Judgments awarding custody and child support are always subject to modification and are thus never final." Kaptein v. Kaptein, 19-784 (La. App. 4 Cir. 1/22/20), 289 So.3d 1198, 1200, writ denied, 20-325 (La. 6/3/20), 296 So.3d 1069.  Thus, the doctrine of *res judicata* is not applicable here, and the trial court did not err in denying this exception.

### DECREE

For the reasons stated above, we find no error in the trial court's judgment denying the exception of no cause of action, denying the exception of *res judicata*, taking judicial notice of Dr. van Beyer's 2019 report, and ordering an updated evaluation.  To the extent the judgment prohibits Dr. van Beyer from testifying regarding an updated custody evaluation, we amend the judgment to allow consideration of Dr. van Beyer's testimony regarding new information related to the updated custody evaluation.

**AFFIRMED AS AMENDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JULY 6, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-C-158

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
JENNIFER C. CARTER (RELATOR)          CINDY H. WILLIAMS (RESPONDENT)

**MAILED**
NO ATTORNEYS WERE MAILED