# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-942


RONNIE CLEARY & FELTON HENRY

VERSUS

KERRY M. OWENS, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 02-1428
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, J. David Painter, and James T. Genovese, Judges.


**APPEAL DISMISSED. CASE REMANDED.**


**James Eric Johnson**
**Charles L. Cassaignac, IV**
**Christian T. Avery**
**Bryan J. Haydel**
**Porteous, Hainkel and Johnson, L.L.P.**
**343 3rd Street, Suite 202**
**Baton Rouge, LA 70801**
**(225) 383-8900**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
   **Terry Meche and**
   **Farm Bureau General Insurance of Michigan**

**Michael W. Cambell**
**Caffery, Oubre, Campbell & Garrison, L.L.P.**
**301 E. Kaliste Saloom Road, Suite 301**
**Lafayette, LA 70508**
**(337) 232-6581**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
   **Terry Meche and**
   **Farm Bureau General Insurance of Michigan**

**Kevin Paul Tauzin**
**Attorney at Law**
**1228 Camelia Blvd., Suite A**
**Lafayette, LA 70508**
**(337) 988-7588**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Terry Meche**

**Pride J. Doran**
**Jermaine D. Williams**
**Williams & Doran, P.L.L.C.**
**Post Office Box 2119**
**Opelousas, Louisiana 70571**
**(337) 235-3989**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Ronnie Cleary**

**Kenneth W. Jones, Jr.**
**Oliver, Way & Jones, LLC**
**110 E. Kaliste Saloom**
**Post Office Box 80655**
**Lafayette, LA 70598-0655**
**(337) 235-2112**
**COUNSEL FOR INTERVENOR:**
     **State Farm Mutual Automobile Insurance Company**

**Bob Broussard**
**D. Patrick Daniel, Jr.**
**Attorneys at Law**
**400 E. Kaliste Saloom Road, Suite 8200**
**Post Office Drawer 80827**
**Lafayette, LA 70501**
**(337) 232-3333**
**COUNSEL FOR INTERVENOR:**
     **Bob Broussard**

**Valex Amos, Jr.**
**Amos & Garrett, L.L.C.**
**2014 West Pinhook Road, Suite 503**
**Lafayette, LA 70508**
**(337) 291-1875**
**COUNSEL FOR INTERVENOR:**
     **Valex Amos, Jr.**

AMY, Judge.

This court issued, *sua sponte*, a rule ordering the Defendants-Appellants, Terry Meche and Farm Bureau General Insurance of Michigan (Farm Bureau), to show cause, by brief only, why the appeals in this matter should not be dismissed as premature. On August 22, 2007, this court received Appellants' response to the rule. For the reasons given herein, we hereby dismiss the appeals.

This case arises out of an automobile accident. Following a jury trial, a verdict was rendered in favor of Plaintiff-Appellee, Ronnie Cleary. The judgment was signed on July 18, 2006, and Notice of Judgment was sent on July 26, 2006. On August 2, 2006, Appellants filed a Motion for New Trial and, in the Alternative, Remittitur. On August 14, 2006, the trial court wrote the word "denied" diagonally across the proposed order to show cause. No hearing was held on the motion.

Appellant, Farm Bureau, filed its motion for suspensive appeal on September 8, 2007, and the order granting the appeal was signed on September 13, 2006. A motion for appeal filed on behalf of Appellant, Terry Meche, was filed and granted on September 12, 2006. The record in this case was lodged in this court on August 3, 2007.

Louisiana Code of Civil Procedure Article 1918 provides, in pertinent part, that "[a] final judgment shall be identified as such by appropriate language." In the case at bar, the only language on the purported judgement is the word "denied" written across the rule to show cause order.

In response to this court's order that appellants show cause why their appeals should not be dismissed as premature, Appellants argue that the provisions of the Louisiana Code of Civil Procedure do not require rigid

application. To support their position, Appellants cite La.Code Civ.P. art. 5051 which provides that "[t]he articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves." Appellants also cite *Rainey v. Entergy Gulf States, Inc.*, 01-2414 (La.App. 1 Cir. 11/18/02), 840 So.2d 586, 588 (quoting *Maddens Cable Serv., Inc. v. Gator Wireline Services, Ltd.* 509 So.2d 21, 23 (La.App. 1 Cir. 1987)), wherein the first circuit, in giving its assessment of Article 5051 that "[l]awsuits should be decided on their merits and should not turn on arbitrary or technical rules of procedure." Hence, Appellants in the instant case argue that this court should not rigidly apply La.Code Civ.P. art. 1918 in determining whether the trial court rendered a valid judgment. Instead, Appellants argue that because the trial judge implicitly manifested his intent to deny their motion for new trial, this court should liberally apply Article 1918 and allow this appeal to stand. Further, Appellants contend that the appeal should be maintained in the interest of judicial efficiency.

In *Egle v. Egle*, 05-0531 (La.App. 3 Cir. 2/8/06), 923 So.2d 780, this court previously considered the issue of whether the notation "Denied" written across a rule to show cause order is sufficient to constitute a judgment on a motion for new trial. The *Egle* case was factually similar to the instant case in that no hearing had been held on the motion for new trial, and the trial judge simply wrote the notation "Denied" diagonally across the face of the rule. The court in *Egle* found such a notation to be insufficient to satisfy the statutory requirement that a final judgment be "identified as such by appropriate language." *See* La.Code Civ.P. art. 1918. In *Egle*, the court looked to La.Code Civ.P. art. 2087(D) which provides that "[a]n order for appeal is premature if

granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict." Since the trial court had not held a hearing and no valid judgment had been rendered with regard to the motion for new trial, this court held in *Egle* that the appeal order was premature. Having found the appeal order to be premature, this court concluded that it lacked jurisdiction over the appeal pursuant to La.Code Civ.P. art. 2088.

Likewise, in the instant case, we find that the notation "Denied" written on the rule to show cause order does not constitute a valid judgment. Since the trial court failed to conduct a hearing and properly dispose of the Motion for New Trial and, in the Alternative, Remittitur, we find that the appeal order signed on September 13, 2006, was premature and that the trial court was not divested of its jurisdiction. Having concluded that we lack jurisdiction over this appeal, we find that the appeal must be dismissed and remanded to the trial court for consideration of Appellants' Motion for New Trial and, in the Alternative, Remittitur.

**APPEAL DISMISSED. CASE REMANDED.**