DANIEL L. DYSART, Judge.
hNOLA 180, a non-profit corporation, operating as the manager of Langston Hughes Academy Charter School, appeals a judgment granting exceptions of no right of action and no cause of action filed by defendant, Jazz Casino Company, LLC.[1] For the following reasons, we affirm.
FACTUAL BACKGROUND:
NOLA 180, as the manager of Langston Hughes Academy Charter School (hereinafter “NOLA 180”), sued Jazz Casino Company, LLC (hereinafter “Jazz Casino”) to recover monies embezzled from it by a former employee, Kelly Thompson. Ms. Thompson, the school’s financial officer, embezzled approximately $667,000 from NOLA 180, purportedly to support her gambling habit. She was convicted in federal court and is currently serving her sentence. •
NOLA 180 filed suit against Jazz Casino alleging that it “substantially participated in and facilitated the gambling obsession of Thompson, and, at times ... materially assisted, encouraged, and otherwise aided and abetted Thompson in |2the gambling obsession that led to Thompson’s theft.” NOLA 180 alleged that Jazz Casino was indebted to it for “encouraging and/or contributing to the financial loss suffered by NOLA 180.”
*888 Jazz Casino filed peremptory exceptions of no right of action and no cause of action. The trial court sustained both exceptions, dismissing all of plaintiffs claims at its cost.
This appeal followed.
DISCUSSION:
The sole issue presented for review is whether the allegations contained in NOLA 180’s petition and amended petition state a cause of action or a right of action against Jazz Casino. On appeal, NOLA 180 asserts three theories of recovery against Jazz Casino. It claims relief under La. Civ.Code art. 2315 for general negligence, under the Louisiana Unfair Trade Practices Act, and under the “abuse of rights” doctrine, see Morse v. J. Ray McDermott & Co., 344 So.2d 1353 (La.1976).
The petitions contained in the record before us do not contain any claims for relief pursuant to the Louisiana Unfair Trade Practices Act (hereinafter “LUT-PA”). Additionally, NOLA 180’s claim that Jazz Casino violated the “abuse of rights” doctrine is not included in its petition or amended petition. That argument is first made in NOLA 180’s opposition memorandum to the exceptions filed in the trial court. We note also that large portions of plaintiffs brief alluding to research, psychiatric findings, and compulsive gambling, for example, are not contained in |sthe record. This Court is a court of record and can only review what is contained in the record on review. Mobile-One Auto Sound, Inc. v. Whitney Nat’l Bank, 2011-0535, p. 12 (La.App. 4 Cir. 11/9/11), 78 So.3d 807, 815.
Further, when reviewing a judgment sustaining exceptions of no cause of action and no right of action, this Court is limited to the allegations made in the petitions. Accordingly, we will not review these claims.
Thus, the only remaining claim to be reviewed is whether Jazz Casino can be held responsible for the losses sustained by NOLA 180 when its employee embezzled funds to finance her gambling habit.
A. Exception of No Cause of Action
An exception of no cause of action questions whether the law extends a remedy to plaintiff under the facts alleged in the petition. The pertinent inquiry is whether, in a light most favorable to the plaintiff and with every doubt resolved in plaintiffs behalf, the petition states any valid cause of action for relief. La.Code Civ. Proc. arts. 927, 931; Mobile-One Auto Sound,, Inc., 2011-0535, p. 4, 78 So.3d at 810. The burden of showing that the plaintiff has not stated a cause of action is upon the exceptor. City of New Orleans v. Bd. of Directors of Louisiana State Museum, 98-1170, p. 9 (La.3/2/99), 739 So.2d 748, 755. The exception is triable on the face of the petition, with the trial court presuming that all well-pleaded facts in the petition are true.
In its first assignment of error, NOLA 180 argues that the trial court erred in sustaining Jazz Casino's exception of no cause of action in light of its well-pled 14claims in tort, unfair trade practices and equity. As stated above, because the petitions do hot contain any allegations by NOLA 180 with regard to LUTPA or the “abuse of rights” doctrine, we decline to review those claims on appeal.
NOLA 180 argues that the statute relied upon by Jazz Casino, La. R.S. 27:27.1 H does not relieve it of liability. Specifically, NOLA 180 states that the statute does not contain an exculpatory clause. The statute does require that all casino operators adopt programs to deal with compulsive and problem gamblers, and provides that casino operators are not required to identify problem or compulsive gamblers. However, NOLA 180 argues *889 that La. R.S. 27:27.1(H), nor any other statute contained in the gambling law, exculpates casinos from liability for the specific acts alleged in this case.
Jazz Casino counters that the gaming industry was granted immunity for the cause of action alleged herein, i.e., identification or exclusion of known or suspected compulsive gamblers or to protect such persons from gambling losses:
The provisions of this Section shall not require the board, division, licensees, permittees, the casino gaming operator, and the employees thereof to identify problem or compulsive gamblers which is an activity that requires medical and clinical expertise.
La. R.S. 27:27.1 H.
Title 27 of the Louisiana Revised Statutes sets forth the policy for development and regulation of authorized gambling in Louisiana. When authorized gambling activity was debated in the state legislature, it was recognized that gambling addiction is a serious and widely-recognized problem. La. |fiR.S. 27:27.1 A. However, the legislature chose not to impose any duty on casino operators to identify problem gamblers. La. R.S. 27:27.1 H. Notwithstanding the above, the legislature did require that a gambling licensee post signs to inform customers of toll-free numbers to call for information and referral services regarding compulsive or problem gambling. La. R.S. 27:58(10). The legislation further provides that sanctions may be imposed if a licensee, permittee, or casino gaming operator willfully fails to exclude from its establishment a person placed on the self-exclusion list. La. R.S. 27:27.1 J(l).
Our reading of the statutes regulating gambling in this state leads us to the conclusion that Jazz Casino is relieved of any duty to identify and recognize compulsive gamblers. The law provides that a casino must disseminate information regarding programs to assist persons who recognize themselves as problem gamblers, and to allow those persons to self-report. Once the gambler self-reports and is placed on a list maintained by the casino, only then can a casino be held liable should a compulsive gambler be allowed to patronize that establishment.
Based on our review of the applicable law, we do not find that NOLA 180’s petitions state a cause of action against Jazz Casino.
Additionally, our review of the record indicates that the trial court did not allow NOLA 180 the opportunity to amend its petition to state a cause of action. La. Code Civ. Proc. art. 984 provides that “[i]f the grounds of the objection raised through the exception cannot be so removed, ... the action, claim, demand, issue, or | fitheory shall be dismissed.” NOLA 180 states that La. Civ. Proc. art. 984 requires that it be allowed to conduct discovery and then amend. The article contains no such requirement.
To the contrary, jurisprudence provides that if amendment of the petition would constitute a vain and useless act, amendment of the petition is not permitted. Smith v. State Farm Ins. Companies, 2003-1580 (La.App. 4 Cir. 3/3/04), 869 So.2d 909; Vieux Carre Property Owners, Residents and Associates, Inc. v. Decatur Hotel Corp., 99-0731 (La.App. 4 Cir. 11/10/99), 746 So.2d 806, 808 (for an amendment to be allowed there should be some indication that the defective petition can be amended to state a lawful cause of action). Because of the clear expression of the legislature that casino operators have no duty to identify compulsive gamblers, we find NOLA 180 cannot cure the defects in its petitions. There is also no provision that a plaintiff be allowed to conduct discovery prior to curing the defects. See Gates v. Hanover Ins. Co., 218 So.2d 648, 653 (La.App. 4 Cir.l969)(“A party is not *890 permitted ‘to go on a fishing expedition in the mere hope he might find something of substances to overcome the objection raised by the peremptory exception.’”) We also note that NOLA 180 did not request in the trial court that it be allowed to amend.
Lastly, NOLA 180 cannot cure the defects in its petitions by amending to allege the causes of action we declined to address on appeal, e.g., violation of LUT-PA. Amendments to a petition that change the substance of the original 17claims are not permitted. Fortier v. Hughes, 2009-0180, p. 5 (La.App. 4 Cir. 6/17/09), 15 So.3d 1185, 1188.
A. Exception of No Right of Action
Because there can be no right of action without a cause of action, we pretermit discussion of the exception.
CONCLUSION:
Accordingly, we affirm the judgment of the trial court and assess all costs of this appeal to NOLA 180.
AFFIRMED

. Plaintiff originally named Harrah’s Operating Company, Inc., and Harrah’s Entertainment, Inc., as defendants, but amended to add Jazz Casino Company, LLC. Plaintiff later dismissed both Harrah’s entities, without prejudice.