| | | |
|---|---|---|
| **KEISHA HENRY AND CEDRIC BRUMFIELD, III** | * | **NO. 2023-CA-0543** |
| | * | **COURT OF APPEAL** |
| **VERSUS** | * | **FOURTH CIRCUIT** |
| **RICHARD BELL, SR. AND DARREN LOMBARD IN HIS CAPACITY AS CLERK OF CRIMINAL COURT** | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |

* * * * * * *

**ATKINS, J., CONCURS**

I agree with the Majority's decision to reverse the trial court's judgment; yet I write separately to address and emphasize one issue, namely, that based on the record evidence before this Court, Mr. Bell failed to rebut Plaintiffs' *prima facie* case.

That is, as the Majority Opinion correctly explains, Plaintiffs established their *prima facie* case for disqualification with 1) the response from the Louisiana Department of Revenue ("LDR") to the public records request and with the testimony of Brad Blanchard from the LDR, both of which provided that the LDR had no confirmation of tax filings for Richard Bell, Sr. ("Mr. Bell"), for the years 2018, 2019, 2020, 2021, and 2022; and 2) Mr. Bell's testimony as to the nature and amount of his income, as well as his admissions that he did not file income tax returns for the years 2018, 2019, 2020, 2021, and 2022. *See Brehm v. Shaddinger*, 2021-0059, pp. 9-10 (La. App. 5 Cir. 2/10/21), 315 So.3d 363, 370. Because Plaintiffs made their *prima facie* case, the burden of proof then shifted to Mr. Bell to prove that the attestations in his Notice of Candidacy Qualifying Form were true, specifically that he did not file tax returns because he was not required to do so. *See Irvin v. Brown*, 2017-0614, p. 6 (La. App. 4 Cir. 7/28/17), ___ So.3d ___, ___, 2017 WL 3205858, at *3.

Mr. Bell acknowledged that he received income in excess of $40,000 for the years 2018, 2019, 2020, 2021, and 2022;[1] and he contended that this income was exempt from taxation. However, there is no documentary evidence in the record before this Court to confirm Mr. Bell's contention. Though I recognize that Mr. Bell was not represented by counsel at the hearing and that the trial court may have considered some of the documents Mr. Bell brought with him to the hearing in reaching its decision, those documents are not in the record before this Court. "[T]his Court is a court of record and can only review what is contained in the record on review." *JoAnn Place v. Ricard*, 2022-0456, p. 12 (La. App. 4 Cir. 12/27/22), 356 So.3d 518, 527 (quoting *NOLA 180 v. Harrah's Operating Co.*, 2012-0072, p. 3 (La. App. 4 Cir. 5/16/12), 94 So.3d 886, 888).

Considering the foregoing, the record does not demonstrate that Mr. Bell rebutted Plaintiffs' *prima facie* case. Accordingly, I concur.

---

[1] At the August 21, 2023 hearing, in discussing with Mr. Bell his level of income for the year 2018, the trial court stated, "which is above $40,000 for that year. And I assume [it is] the same for each year coming after that." Mr. Bell then said, "Um-hum," indicating an affirmative response.