**NOT DESIGNATED FOR PUBLICATION**

| | | |
|---|---|---|
| **DANERIC ANDERSON** | * | **NO. 2024-CA-0232** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **KENNETH BRIGGS, ABC** | * | |
| **INSURANCE COMPANY,** | | **FOURTH CIRCUIT** |
| **PORTS AMERICA** | * | |
| **LOUISIANA, L.L.C., XYZ** | | **STATE OF LOUISIANA** |
| **INSURANCE COMPANY, AND** | * * * * * * * | |
| **JKL INSURANCE COMPANY** | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-11757, DIVISION "F-14"
Honorable Jennifer M. Medley, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

Scott A. Soule
Frank J. Torres
Josephine H. Azuma
BLUE WILLIAMS, L.L.C.
3421 N. Causeway Blvd., Suite 900
Metairie, LA 70002

     COUNSEL FOR APPELLANTS, Ports America Louisiana, L.L.C., and Kenneth Briggs

Raymond C. Lewis
Walter P. Maestri
DEUTSCH KERRIGAN, L.L.P.
755 Magazine Street
New Orleans, LA 70130

     COUNSEL FOR APPELLEES, Admiral Security Services, Inc. and Admiral Security Holdings, LLC

**APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED WITH INSTRUCTIONS
SEPTEMBER 20, 2024**

DNA

PAB

TGC

This a tort case involving an automobile accident. Appellants, Ports America Louisiana, LLC ("Ports America"), and Kenneth Briggs ("Mr. Briggs") (hereinafter sometimes collectively referred to as "Appellants"), seek review of the trial court's March 21, 2023 judgment, which granted the Motion for Summary Judgment filed by Appellees, Admiral Security Services, Inc. ("ASSI"), and Admiral Security Holdings, LLC ("ASH") (collectively "Admiral"). For the following reasons, we dismiss the appeal without prejudice, and we remand this matter to the trial court with instructions.

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 8, 2017, Daneric Anderson ("Mr. Anderson") filed a Petition for Damages ("Petition") in Orleans Parish Civil District Court. In his Petition, Mr. Anderson alleged that on December 9, 2016, he sustained injuries during an automobile accident that occurred at the Port of New Orleans. In particular, Mr. Anderson stated that Mr. Briggs, who was an employee of Ports America and was operating within the course and scope of his employment, attempted to make a left-hand turn and struck Mr. Anderson's vehicle. In his Petition, Mr. Anderson named

1

Mr. Briggs, Ports America, and Ports America's liability and uninsured motorist insurers as defendants.

In response to Mr. Anderson's Petition, Ports America filed an answer on April 6, 2018, and then a third-party demand against ASSI, Mr. Anderson's employer, on September 14, 2020. In the third-party demand, Ports America alleged that it was entitled to full indemnification and reimbursement from ASSI based on a contract between the parties. Then, on December 21, 2021, Ports America filed another third-party demand naming ASH as a third-party defendant.

Subsequently, on February 3, 2023, Admiral filed a Motion for Summary Judgment and asserted therein that the indemnity provision of the contract was inapplicable to the defense and indemnity of actions attributed to Ports America's own negligence. The trial court conducted a hearing on Admiral's Motion for Summary Judgment on March 3, 2023. Thereafter, on March 21, 2023, the trial court granted Admiral's Motion for Summary Judgment and dismissed the third-party demands filed by Ports America against Admiral with prejudice.

Following the trial court's judgment, on March 28, 2023, Ports America and Mr. Briggs timely filed a Motion for New Trial regarding the trial court's grant of Admiral's Motion for Summary Judgment.[1] Then, on May 12, 2023, Ports America and Mr. Briggs filed a Motion for Devolutive Appeal, which the trial court granted in a May 16, 2023 order. On January 3, 2024, because the record on appeal did not

---

[1] Louisiana Code of Civil Procedure Article 1974 states that "[a] party may file a motion for a new trial not later than seven days, exclusive of legal holidays, after the clerk has mailed or the sheriff has served the notice of judgment as required by [La. C.C.P. art.] 1913." The trial court signed the judgment granting Admiral's Motion for Summary Judgment on March 21, 2023, and issued the notice of signing of judgment on the same day. Ports America and Mr. Briggs filed their Motion for New Trial on March 28, 2023, which was within the seven-day time delay specified in La. C.C.P. art. 1974. Accordingly, the Motion for New Trial was timely filed.

reflect that the trial court had ruled on the Motion for New Trial, this Court issued an order to the trial court to supplement the record with the judgment relative to the Motion for New Trial. *Anderson v. Briggs*, 2023-0483, p. 2 (La. App. 4 Cir. 1/10/24), 381 So.3d 165, 167 n.1. The following day, January 4, 2024, this Court received a supplement from the trial court, which was titled "**Per Curiam**" and explained "[u]pon a review of the record in this matter, this [c]ourt discovered, due to an oversight, the parties did not file nor did this [c]ourt prepare the judgment on this *Motion*. As such, the Court now issues this *Judgment* and *Notice of Signing of Judgment*." On January 10, 2024, this Court dismissed the appeal filed by Ports America and Mr. Briggs without prejudice. *Anderson*, 2023-0483, p. 2, 381 So.3d at 167. As this Court explained, "[o]nce the trial court signed the order granting the appeal, it divested itself of jurisdiction and lacked authority to later issue a judgment and notice of signing of [judgment] on a motion for new trial." *Id.* at p. 2, 381 So.3d at 167 n.1.

After this Court rendered its decision in the prior appeal, which was lodged with this Court as 2023-CA-0483 *Daneric Anderson v. Kenneth Briggs, et al.* (hereinafter "2023-0483"), the trial court filed a three-page supplement in that matter.[2] The first page is a Notice of Signing of Judgment dated January 22, 2024, and signed by "LaTonia R. Thompson." The Notice of Signing of Judgment states: "SECOND AMENDED JUDGMENT RE [MOTION FOR NEW TRIAL] filed 3.28.23" and "HEARD 3.31.23." Regarding the latter notation, neither the record in 2023-0483 nor the record in the matter *sub judice*, which was lodged with this Court as 2024-CA-0232 *Daneric Anderson v. Kenneth Briggs, et al.* (hereinafter

---

[2] On May 29, 2024, this Court issued an Order, which adopted and incorporated the appellate record from 2023-0483 into the appellate record in 2024-CA-0232 *Daneric Anderson v. Kenneth Briggs, et al.*

3

"2024-0232"), contains a transcript for a March 31, 2023 hearing. The second page of the supplement is titled "Second Amended Judgment," and it is also dated January 22, 2024. The Second Amended Judgment states that the trial court denied the Motion for New Trial filed by Ports America and Mr. Briggs, but the Second Amended Judgment is not signed by the trial court judge. The third page is titled "Second Amended Per Curiam," and it is also dated January 22, 2024. The trial court judge signed the Second Amended Per Curiam. Thereafter, on January 31, 2024, Ports America and Mr. Briggs filed another Motion for Devolutive Appeal, which the trial court granted in a February 2, 2024 order.

## DISCUSSION

Prior to addressing the merits of an appeal, an appellate court has a duty to determine *sua sponte* if its jurisdiction has been invoked by a valid, final judgment. *LZM Props., LLC v. Priv. Connection Prop., Inc.*, 2023-0707, 0708, p. 12 (La. App. 4 Cir. 4/25/24), 390 So.3d 861, 870 (citing *Safford v. New Orleans Fire Dep't*, 2023-0495, p. 18 (La. App. 4 Cir. 2/1/24), 384 So.3d 909, 924-25). Louisiana Code of Civil Procedure Article 2162 establishes that "[a]n appeal can be dismissed at any time . . . for lack of jurisdiction of the appellate court." According to La. C.C.P. art. 2087(D), "[a]n order of appeal is premature if granted before the court disposes of all timely filed motions for new trial." Additionally, as pertinent to this appeal, La. C.C.P. art. 1918(A) provides:

> A final judgment in accordance with [La. C.C.P. art.] 1841 shall be identified as such by appropriate language; *shall be signed and dated*; and shall, in its decree, identify the name of the party in whose favor the relief is awarded, the name of the party against whom the relief is awarded, and the relief that is awarded.

(Emphasis added.)

In *Cleary v. Owens*, the appellants filed a "Motion for New trial and, in the Alternative, Remittitur." 2007-942, p. 1 (La. App. 3 Cir. 9/19/07), 966 So.2d 688, 689. In response, the trial court did not hold a hearing on the motion, and merely "wrote the word 'denied' diagonally across the proposed order to show cause." *Id.* Thereafter, the trial court granted separate motions for appeal filed by the appellants. *Id.* In ruling on the appeals, the Louisiana Third Circuit Court of Appeal ("Third Circuit") considered the appellants' arguments that "because the trial judge implicitly manifested [an] intent to deny their motion for new trial," the court should liberally apply La. C.C.P. art. 1918, as well as the appellants' argument that the appeals should be maintained in the interest of judicial efficiency. *Id.* at p. 2, 966 So.2d at 689. Nevertheless, in interpreting La. C.C.P. arts. 1918 and 2087, as well as that court's prior opinion in *Egle v. Egle*, 2005-0531 (La. App. 3 Cir. 2/8/06), 923 So.2d 780, the Third Circuit held that the notation "Denied" written on the rule to show cause order did not constitute a valid judgment. *Id.* at p. 3, 966 So.2d 688, 690. Because the trial court had not conducted a hearing on the Motion for New Trial and, in the Alternative, Remittitur, and because the Third Circuit found that the trial court had not properly disposed of the motion, the Third Circuit concluded that the appeal orders were premature as the trial court was never divested of its jurisdiction. *Id.* Accordingly, the Third Circuit further concluded that it lacked jurisdiction over the appeals, and the Third Circuit dismissed the appeals and remanded the matter for the trial court to consider the Motion for New Trial and, in the Alternative, Remittitur. *Id.*

Though the "Denied" notation on the rule to show cause orders in *Cleary* and *Egle* is not the exact same as the unsigned judgment we have in 2024-0232, we nonetheless find *Cleary* and *Egle* analogous to the matter *sub judice*. This is

5

because in all three cases—*Cleary*, *Egle*, and 2024-0232—the bottom line is that the record lacked and lacks a judgment that comports with La. C.C.P. art. 1918. Though page two of the supplement filed in 2023-0483 (the unsigned judgment) indicates the trial judge's intent to deny the Motion for New Trial filed by Ports America and Mr. Briggs, as in *Cleary* and *Egle*, the trial court's intent does not and cannot override the fact that the document in question does not constitute a valid judgment per La. C.C.P. art. 1918(A). That is, the language of La. C.C.P. art. 1918—rather than the trial court's intent—governs, and intent is insufficient in the face of non-compliance with La. C.C.P. art. 1918. In this case, the non-compliance with La. C.C.P. art. 1918 is because the trial court did not sign the judgment. Looking beyond that supplement, the records in 2023-0483 and 2024-0232 are devoid of a judgment signed by the trial court sometime between January 10, 2024 (when this Court rendered its prior Opinion in 2023-483), and February 2, 2024 (when the trial court granted Ports America and Mr. Briggs' Motion for Devolutive Appeal in 2024-0232). Moreover, despite the notation on page one of the supplement (the Notice of Judgment) that the trial court held a hearing on the Motion for New Trial on March 31, 2023, the appellate records in 2023-0483 and 2024-0232 are also devoid of any March 31, 2023 hearing transcript, which might have established the trial court's ruling on the Motion for New Trial. *See Simon v. Lumbermens Mut. Cas. Co.*, 138 So.2d 465, 466 (La. App. 3d Cir. 1962) (holding that "[t]here is no requirement that the trial court's denial of an application for a new trial be made in writing"). Even assuming, arguendo, that the trial court held a hearing on March 31, 2023, at which it orally denied the Motion for New Trial and/or the trial court signed a judgment denying the Motion for New Trial sometime during the appropriate date range (January 10, 2024 - February 2, 2024),

6

neither a hearing transcript nor a signed judgment to this effect is in the record before us. To this end, we note that as an appellate court, we are "a court of record and can only review what is contained in the record on review." *JoAnn Place v. Ricard*, 2022-0456, p. 12 (La. App. 4 Cir. 12/27/22), 356 So.3d 518, 527 (quoting *NOLA 180 v. Harrah's Operating Co.*, 2012-0072, p. 3 (La. App. 4 Cir. 5/16/12), 94 So.3d 886, 888).

In sum, we find that the unsigned January 22, 2024 judgment does not constitute a valid judgment under La. C.C.P. art. 1918. Because this was not a final judgment properly disposing of the Motion for New Trial and the record fails to establish that the trial court orally ruled on the Motion for New Trial at a hearing, we find that the appeal order signed on February 2, 2024, was premature and that the trial court was not divested of its jurisdiction per La. C.C.P. art. 2087(D). Accordingly, we lack jurisdiction over this appeal, and conclude that the appeal must be dismissed without prejudice. Any party may seek appellate review at a time when this matter becomes ripe for appeal without paying additional court costs. Further, we remand this matter to the trial court with instructions to issue a valid judgment on the Motion for New Trial filed by Ports America and Mr. Briggs.

## DECREE

For the foregoing reasons, we dismiss Appellants' appeal without prejudice. We remand this case to the trial court with instructions to issue a valid, signed judgment on the Motion for New Trial filed by Ports America and Mr. Briggs. Any party may seek appellate review when this matter becomes ripe for appeal and need not pay this Court's costs again.

**APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED WITH INSTRUCTIONS**