| STATE OF LOUISIANA | * | NO. 2024-KA-0107 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| LIONEL SERIGNE, JR. | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

<u>CONSOLIDATED WITH:</u>                    <u>CONSOLIDATED WITH:</u>

STATE OF LOUISIANA                          NO. 2024-KA-0218

VERSUS

LIONEL SERIGNE, JR.

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 381-470, DIVISION "2"
Honorable Kirk A. Vaughn, Judge
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge
Monique G. Morial)

Liz Murril
J. Taylor Gray
J. Bryant Clark, Jr.
Stephanie May Bruno
Louisiana Department of Justice
P.O. Box 94005
Baton Rouge, LA 70804


          COUNSEL FOR APPELLANT


Deborah A. Pearce
Deborah Pearce Reggio, LLC
141 Allen Toussaint Boulevard
Suite 242
New Orleans, LA 70124

601 Poydras Street
2323 Pan American Life Center

COUNSEL FOR DEFENDANT/APPELLEE

**JUDGMENT VACATED;**
**REMANDED**

**FEBRUARY 12, 2025**

PAB
TGC
MGM

In this criminal appeal, Appellant, the State of Louisiana (the "State"), seeks review of the district court's December 4, 2023 judgment, which granted Appellee/Defendant's, Lionel Serigne, Jr. ("Lionel"), *Motion to Quash, Dismiss Indictment and Release Bond Obligations*. After review, we vacate that judgment and remand this matter to the district court for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL HISTORY

The underlying facts of this case have been chronicled extensively by this Court and our Supreme Court (*see, e.g., State v. Serigne*, 14-0379, pp. 1-22 (La. App. 4 Cir. 5/2/16), 193 So.3d 297, 302-14, *writ granted*, 16-1034, pp. 1-9 (La. 12/6/17), 232 So.3d 1227, 1227-32, *rev'd and remanded*). As those cases recount, Lionel and his brother, William Serigne ("William"), were each convicted and sentenced following a bench trial. Ultimately, after review by this Court and the Supreme Court, the matter was remanded to the district court to determine whether Lionel and William were entitled to new trials. On September 18, 2018, the district court granted each a new trial. Nearly five years later, on August 21, 2023, Lionel filed a *Motion to Quash, Dismiss Indictment and Release Bond*

1

*Obligations*, arguing that the State had failed to timely commence his new trial in accordance with La. C.Cr.P. art. 582.[1]  After a hearing conducted on December 4, 2023, the district court granted Lionel's motion to quash.  This timely appeal follows.

## ERRORS PATENT

Appellate courts review all criminal appeal records for the existence of a patent error. An error patent is one "that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."  La. C.Cr.P. art. 920(2).  A review of the record revealed no errors patent.

## DISCUSSION

The State alleges two assignments of error, which we summarize as follows: (1) the district court abused its discretion in quashing the indictment because the case had not prescribed due to the preliminary pleas of Lionel; and (2) the district court erred because Hurricane Ida represented a cause outside of the State's control—as contemplated in La. C.Cr.P. art. 579—that necessarily interrupted the time limitations for commencing a new trial found in La. C.Cr.P. art. 582.

*Standard of Review*

Looking to the Supreme Court for guidance, this Court previously examined the appellate standard of review relating to questions of prescription in criminal matters:

> Although the plea of prescription presented in a criminal case is a question of fact, it is not a question of fact relating to the guilt or innocence of the accused. The decision of the trial judge as to whether the offense charged is prescribed is reviewable by this court on the same facts upon which the decision was based.

---

[1] La. C.Cr.P. art. 582 discussed more fully, *infra*.

2

> However, it is quite clear that in reviewing a trial judge's ruling on a preliminary motion this court attaches great weight to his factual determinations and will not disturb them unless they are clearly erroneous.

*State v. Francis*, 07-0480, p. 3 (La. App. 4 Cir. 1/30/08), 977 So.2d 187, 189 (quoting *State v. Campbell*, 404 So.2d 956, 959 (La. 1981)) (internal citation omitted).

*Applicable Law*

Before discussing the merits of the State's alleged errors, we will outline the law applicable to the case *sub judice*. Louisiana Code of Criminal Procedure Article 582 sets forth the time limitations regarding the commencement of a new trial:

> A. When a defendant obtains a new trial through a motion for new trial, appeal, post conviction relief, or any other mechanism provided in state or federal law, or when there is a mistrial, the state shall commence the second trial within one year from the date that the new trial is granted, or the mistrial is ordered, or within the period established by Article 578, whichever is longer.[2]
>
> B. If the state seeks review of the granting of the new trial, the period of limitations in this Article shall not commence to run until the judgment granting the new trial has become final by the state exhausting all avenues of review in the appropriate appellate courts, including the Louisiana Supreme Court.

The time limitation found in La. C.Cr.P. art. 582(A) can be interrupted, i.e., required to start anew, as provided for in La. C.Cr.P. art. 583:

> The period of limitation established by Article 582 shall be interrupted by any of the causes stated in Article 579. Where such interruption occurs, the [S]tate must commence the new trial within one year from the date the cause of interruption no longer exists.

---

[2] The relevant portions of Article 578 provide:

A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:

\* \* \*

(2) In [non-capital] felony cases after two years from the date of institution of the prosecution . . .

The causes for interruption stated in La. C.Cr.P. art. 579 are limited to:

> (1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or

> (2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the [S]tate; or

> (3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.

In other circumstances, as described in La. C.Cr.P. art. 580, the time limitation may be suspended, i.e., paused without beginning anew:

> A. When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578[3] shall be suspended until the ruling of the court thereon; but in no case shall the [S]tate have less than one year after the ruling to commence the trial.

> B. The periods of limitation established by Article 578 shall also be suspended if the court grants a continuance in accordance with the provisions of Paragraph B of Article 709.[4]

Added by Acts 2020, No. 285, § 1, with an effective date of June 11, 2020, La. C.Cr.P. art. 958 was enacted to allow for a suspension of time limitations in a declared disaster, emergency or public health emergency. It instructs, in pertinent part, that:

> A. Notwithstanding any provision of law to the contrary, if the governor has declared a disaster or emergency pursuant to the provisions of R.S. 29:721 et seq. or a public health emergency pursuant to R.S. 29:760 et seq., the [S]upreme [C]ourt is authorized to issue an order, or series of orders as it determines to be necessary and appropriate, that shall have the full force and effect of suspending all

---

[3] In *State v. Brooks*, the Supreme Court explained that "[t]he grounds for suspension under [Article] 580 also apply to the time limits specified by [Article] 582 after a new trial or a mistrial has been granted." 02-0792, p. 6 (La. 2/14/03), 838 So.2d 778, 782 (citing *State v. Falkins*, 395 So.2d 740, 741 (La. 1981)).

[4] Article 709(B) allows for a continuance based upon the absence of a necessary material witness who is on active military duty in the United States Armed Forces.

4

time periods, limitations, and delays pertaining to the initiation, continuation, prosecution, defense, appeal, and post-conviction relief of any prosecution of any state or municipal criminal . . . matter within the state of Louisiana . . . for a determinate period of thirty days except as otherwise provided by this Article.

B. The thirty-day period provided for in this Article shall commence to run from the date the [S]upreme [C]ourt issues the order or from a particular date specified by the [S]upreme [C]ourt in the order, whichever is earlier.

C. The thirty-day period provided in Paragraph A of this Article may be extended by further order of the [S]upreme [C]ourt for additional successive periods with each period not exceeding thirty days.

D. The period of suspension authorized by the provisions of this Article shall terminate upon order of the [S]upreme [C]ourt or upon termination of the declared disaster, emergency, or public health emergency, whichever is earlier.

\*       \*       \*

F. Nothing in this Article shall be construed to negate or impair the application of any other provision of law regarding the suspension or interruption of time periods, limitations, or delays.

Finally, pertinent to the matter now before us, La. C.Cr.P. art. 581 instructs that:

Upon the expiration of the limitations established by this Chapter, the court shall, upon motion of the defendant, dismiss the indictment. This right of dismissal is waived unless the motion to quash is made prior to trial.

If the indictment is dismissed under this article, there shall be no further prosecution against the defendant for the same or a lesser offense based on the same facts.

We now turn to the merits of the State's appeal.

*Assignment of Error No. 1 – Time Limitations to Commence a New Trial*

The State argues that, pursuant to the provisions of La. C.Cr.P. art. 580(A), the various preliminary pleas and continuances filed or requested by Lionel served to suspend the time limitation for commencing a new trial—to the extent that the

5

district court erred when it granted Lionel's motion to quash the indictment.[5]  In

support, the State has provided a bulleted timeline of preliminary pleas, trial dates

and continuances that, it asserts, if properly calculated would demonstrate that the

time limitation to commence a new trial had not yet prescribed by the time Lionel

filed his motion to quash.[6]  Lionel counters that the State's proposed timeline of

[5] This Court has previously considered Article 580, explaining that "Louisiana jurisprudence applying La. C.Cr.P. art. 580(A) holds that a 'preliminary plea is any plea filed after prosecution is instituted, but before trial, that causes the trial to be delayed,' including a motion to suppress, motion for continuance filed by defendant, and joint motion for continuance." *State v. Joseph*, 18-0867, pp. 6-7 (La. App. 4 Cir. 3/20/19), 363 So.3d 309, 315 (quoting *State v. Ramirez*, 07-0652, p. 5 (La. App. 4 Cir. 1/9/08), 976 So.2d 204, 208).

[6] The State offered the following timeline:

> * On August 8, 2019, the Defendant filed a motion to quash alleging prosecutorial misconduct and/or double jeopardy, causing a suspension of the time limitations. This motion was subsequently denied by the District Court on January 16, 2020. Thus, the State had until January 16, 2021 to bring this matter to trial.

> * On March 16, 2020, the Defendant was absent for his trial and a status conference was set by agreement of all parties. This constituted a joint and/or defense continuance of trial that suspended the time limitations, giving the State until March 16, 2021 to commence trial.

> * On February 19, 2021, a telephone conference was held wherein all parties agreed to continue the matter. This constituted a joint continuance that suspended the time limitations, giving the State until February 19, 2022 to commence trial.

> * On July 27, 2021, in response to a motion to recuse filed on behalf of co-defendant William Serigne, the Court recused itself regarding William Serigne as well as this Defendant. The recusal caused a suspension of the time limitations, giving the State until July 27, 2022 to commence trial.

> * On November 15, 2021, the Defendant failed to show for trial, resulting in the matter being reset by the Court. This constituted a defense continuance and a suspension of the time limitations, giving the State until November 15, 2022 to commence trial.

> * On August 9, 2022, during a status conference, the following was noted: "At the request of the state, defense will waive any prescription from June 27, 2022 through the trial date of August 21, 2023. By agreement of the parties, court set Jury Trial for August 21, 2022. The defendant advised the court he [was] in agreement to this." This constituted not only a waiver of prescription for the aforementioned time period, but also a joint continuance which suspended the time limitations, giving the State at least until August 21, 2024 to commence trial.

> * The instant motion to quash at issue on appeal was then filed on behalf of the Defendant on August 21, 2023. The instant motion to quash was subsequently granted on December 4, 2023, at which time the State moved for an appeal.

suspensions misconstrues the record. He posits that some of the listed preliminary pleas were actually filed on behalf of William alone, not Lionel. Furthermore, he avers that the State unnecessarily caused a continuance when it showed up unprepared to a scheduled hearing on November 5, 2019, whereupon the district court granted a month-long continuance to the State.[7] Lionel also takes issue with other dates and events in the State's timeline; however, the most notable of those is November 15, 2021—the date on which the State alleges that Lionel was absent from trial.

Minute entries in the record before us demonstrate that Lionel was present at an April 7, 2021 hearing, which took place in Division "A" before Judge William M. McGoey. At that hearing, the district court set a felony trial date of November 15, 2021 for Lionel. The final entry on that day indicates that notice was given. Another minute entry recorded that, pursuant to a motion to recuse filed on behalf of William, a hearing was held on July 27, 2021, at which William was present but Lionel was not. Judge McGoey signed an order of recusal in open court, finding that, to avoid the appearance of impropriety, he should self-recuse. Then, in a separate minute entry, because the issues raised by William would also be applicable to Lionel, Judge McGoey *sua sponte* self-recused from Lionel's case as well. The court ordered that the cases be re-alloted. The next minute entry in the record pertaining solely to Lionel occurred on November 15, 2021. It recorded but a single event—"FELONY TRIAL: Defendant absent. Court ordered this matter continued to be reset." According to the minutes, this took place in Division "E" with Judge Eric A. Bopp presiding.

---

[7] The State did not include this hearing date in its timeline.

Lionel argues that, when his case was re-allotted to Judge Bopp, Judge McGoey made it clear that all pending dates were cancelled. He relies on *State v. Simpson* for the premise that, while preliminary matters may be scheduled in a different division from the division to which the trial of the case is allotted, the district court judge of the division to which the case is assigned has ultimate control over the scheduling of criminal cases for trial. 551 So.2d 1303, 1304 (La. 1989).[8] Additionally, Lionel asserts that the clerk inadvertently failed to remove the November 15, 2021 felony trial date from the docket, and that neither party was present on that date. We do not find these arguments persuasive.

First, the *Simpson* court was analyzing court rules specific to the 15th Judicial District Court, which have no bearing on the local rules of the 34th Judicial District Court, the district court in this case. Next, Lionel offers no documentary proof to support any of his claims. In his brief to this Court, Lionel cites to argument of his counsel from the December 4, 2023 hearing and to the November 15, 2021 minute entry as evidence that neither party was present. We have long held that "[t]his Court is a court of record and can only review what is contained in the record on review." *JoAnn Place v Ricard*, 22-0456, p. 12 (La. App. 4 Cir. 12/27/22), 356 So.3d 518, 527 (quoting *NOLA 180 v. Harrah's Operating Co.*, 12-0072, p. 3 (La. App. 4 Cir. 5/16/12), 94 So.3d 886, 888). Furthermore, it is equally well settled that "[a]rgument of counsel, no matter how artful, is not evidence." *Id.* (quoting *Hous. Auth. of New Orleans v. King*, 12-1372, p. 4 (La. App. 4 Cir. 6/12/13), 119 So.3d 839, 842). As we noted, the minute entry

---

[8] Lionel also offers an accord, drawing from a concurring opinion in *State v. Love*, 00-3347 (La. 5/23/03), 847 So.2d 1198, 1215, for the general premise that judges control their dockets and set their trial dates. While this may be true, it offers nothing in the way of proof for what happened in this case.

mentions only that the defendant was absent at the hearing, but is silent as to the presence of the State.

While this was one of the more glaring factual issues before the district court, our review of the December 4, 2023 hearing transcript reveals that the district court declined to consider this, or any of the other potential suspension or interruption periods set forth by the State, except for Hurricane Ida (hereinafter, "Ida"—discussed more fully below). After concluding that Ida served as a suspension of the prescriptive period, the district court found that the State had exceeded the time limitation for commencing the new trial. However, the district court failed to elucidate when it believed the prescriptive period ended or how it arrived at that conclusion. We find this to be an error by the district court.

*Assignment of Error No. 2 – Suspension of Time v. Interruption of Time*

In this assignment of error, notwithstanding that the State believes it has already proven that Lionel's preliminary pleas suspended the prescriptive period for commencing the new trial, the State also takes issue with the district court's interpretation of the controlling codal articles and prior jurisprudence. The State complains that, when determining whether the time limitation for new trial had lapsed, the district court unduly narrowed its focus to Article 958 and improperly concluded that the disruption caused by Ida was a suspension of the time limitation rather than an interruption.

To bolster its position, the State offers a line of cases that found that, pursuant to Article 579(A)(2), Hurricane Katrina was a cause beyond the control of the State that served to interrupt the prescriptive periods found in La. C.Cr.P. art. 578. *See State v. Bibbins*, 14-0971, p. 1 (La. 12/8/14), 153 So.3d 419 (citing *State v. Brazile*, 06-1611, p. 4 (La. App. 4 Cir. 5/30/07), 960 So.2d 333, 336 and *State v.*

*Patin*, 11-0488, p. 19 (La. App. 4 Cir. 05/23/12), 95 So.3d 542, 553). To oppose this argument, Lionel relies upon two more recent cases—*State v. Thompson*, 22-0842 (La. App. 4 Cir. 02/15/23), 358 So.3d 560, *writ denied*, 23-00396 (La. 05/16/23), 360 So.3d 830, and *State v. Mouton*, 23-00723 (La. 5/10/24), 384 So.3d 845. In *Thompson*, this Court implicitly held that La. C.Cr.P. art. 958 was applicable to the disruption caused by Ida[9] and that the time limitation was suspended, not interrupted. And in *Mouton*, the Supreme Court specifically pointed out that the cases of *Bibbins*, *Brazile* and *Patin* "preceded the legislature's 2020 enactment of La. C.Cr.P. art. 958, empowering this Court to issue short, 30-day orders of suspension of 'all time periods, limitations, and delays pertaining to the initiation, continuation, prosecution . . . of any prosecution of any state . . . criminal . . . matter . . .' in the event 'the governor has declared a disaster or emergency pursuant to the provisions of R.S. 29:721 *et seq*.'" *Mouton*, 23-00723, p. 7, 384 So.3d at 850. Accordingly, the court found that in the matter before it, Hurricane Laura created a suspension of the time limitation, not an interruption, rejecting the notion that a hurricane was a cause beyond the State's control, which interrupted prescription. *Id*., 23-00723, p. 8, 384 So.3d at 850. This argument is without merit.

## DECREE

For the foregoing reasons, we vacate the district court's December 4, 2023 judgment, which granted Lionel Serigne, Jr.'s *Motion to Quash, Dismiss*

---

[9] Hurricane Ida made landfall in Louisiana on August 29, 2021. Although the *Thompson* court did not explicitly cite to Article 958, it is clear that it used the Article for direction in order to determine that "[i]n the wake of Hurricane Ida, both Criminal District Court and the Supreme Court issued orders that collectively suspended all legal time computations from August 26, 2021 until October 26, 2021." *Thompson*, 22-0842, p. 6, 358 So.3d at 564. It found the same to be true of orders issued during the Covid-19 shutdown. Both events elicited emergency declarations by then-Governor Jon Bel Edwards, which, in turn, triggered the application of Article 958.

*Indictment and Release Bond Obligations*, and remand this matter for further proceedings consistent with this opinion.

**JUDGMENT VACATED;**
**REMANDED**